**STATE of Missouri, Respondent,**

v.

**Marvin Virgil HAWKINS, Appellant.**

**No. WD 40526.**

Missouri Court of Appeals, Western District.

Nov. 29, 1988.

Jimmie R. Nix, St. Joseph, for appellant.

William L. Webster, Atty. Gen., William J. Swift, Asst. Atty. Gen., Jefferson City, for respondent.

Before LOWENSTEIN, P.J., and TURNAGE and COVINGTON, JJ.

COVINGTON, Judge.

This is an appeal from a conviction for possession of cocaine, § 195.020, RSMo

1986. The defendant was sentenced to fifteen years imprisonment. The judgment is affirmed.

The sole issue is whether the trial court improperly denied the defendant's motion to suppress evidence. The defendant asserts that the search warrant was issued on the basis of information contained in an affidavit which was insufficient to establish probable cause in that the affidavit was based on hearsay and the affidavit did not contain information to corroborate the hearsay information provided by the informant.

Police sergeant Howard Judd submitted an affidavit in support of the search warrant. He swore that the confidential informant had been inside trailer number 54, located at Lake Contrary, Buchanan County, within two days prior to the execution of the affidavit, at which time the confidential informant observed Virgil Hawkins, the defendant, with one bag of white powdery substance which Hawkins said was cocaine. The informant viewed the defendant in the back left bedroom of the trailer with cocaine, a triple beam scale, and "baggies." The confidential informant gave Sgt. Judd precise directions to the trailer. Sgt. Judd took the confidential informant's information and followed his directions to the location at which the confidential informant reported that the defendant could be found with cocaine. The affiant stated that the confidential informant who gave the information relative to the defendant in this case had given Sgt. Judd reliable information in the past. The confidential informant had given the sergeant drug information with which Sgt. Judd had been able to obtain search warrants, felony drug arrests, and felony drug convictions. The affiant had heard from other reliable informants that Virgil Hawkins was dealing in cocaine in St. Joseph.

■ The test for determining whether probable cause has been established for issuance of a search warrant is the totality of the circumstances standard enunciated in *Illinois v. Gates,* 462 U.S. 213, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983).

The task of the issuing magistrate is simply to make a practical, commonsense decision whether, given all the circumstances set forth in the affidavit before him, including the "veracity" and "basis of knowledge" of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place. And the duty of a reviewing court is simply to ensure that the magistrate had a "substantial basis for ... concluding" that probable cause existed.

*Id.* at 238–39, 103 S.Ct. at 2332. *See also State v. Gardner,* 741 S.W.2d 1, 7 (Mo. banc 1987), *cert. denied,* —— U.S. ——, 108 S.Ct. 2001, 100 L.Ed.2d 232 (1988). The magistrate's determination must be given great deference. *United States v. Mims,* 812 F.2d 1068, 1072 (8th Cir.1987); *State v. Hodges,* 705 S.W.2d 585, 588 (Mo.App. 1986).

If information in an affidavit is based on information obtained by an informant, the court must inquire into the reliability of the informant and the information supplied. *Gates,* 462 U.S. at 238–39, 103 S.Ct. at 2332–33. The ultimate question is the reliability of the information and this is to be decided by the magistrate according to the standard set forth above. The issue is whether the issuing magistrate had a substantial basis for his decision. *Id.*

In *United States v. Bourbon,* 819 F.2d 856 (8th Cir.1987), the defendant disputed the reliability of the unnamed informant and asserted that the only statement by the informant regarding the carriagehouse which was searched was that the defendant kept weapons there and used it "to sell dope out of." *Id.* at 858. The court believed that the issuing magistrate had a substantial basis for concluding that probable cause existed for issuance of the search warrant. First, according to the affidavit, the informant previously provided the affiant, a special agent with the Drug Enforcement Agency, with information which led to the arrest of two persons on charges of a drug conspiracy. The informant further

advised the agent that the defendant was to have purchased some of the drugs from those individuals. This information supported the informant's credibility and reliability. Further, the affidavit stated that the informant told the agent that the informant was inside the defendant's residence four days before and the day of the search warrant's issuance; that the informant observed cocaine in the residence; that the informant heard the defendant on the telephone having a conversation about "snow"; and that the defendant used the carriagehouse to sell drugs and store weapons. *Id.* at 859. The affiant testified in the affidavit as to his prior experience with drug offenders and his knowledge of the defendant's prior involvement with drug distribution. *Id.* The court found that, under a totality-of-the-circumstances analysis, the affidavit amply supported the magistrate's conclusion that there was a fair probability that cocaine and other evidence of criminal activity would be found in either or both of the buildings. The court concluded that the magistrate had a substantial basis for determining that probable cause existed for issuance of the search warrant. *Id.*

In the present case, the confidential informant had a personal knowledge of the defendant's activities within two days prior to the execution of the affidavit. Further, Officer Judd set forth facts and circumstances to indicate why he believed the information from this informant to be believable. The informant had given the officer information previously from which the officer had been able to obtain search warrants and felony drug arrests, which led to felony drug convictions. Additionally, the informant volunteered the information to the affiant.

Considering the totality of the circumstances, the affidavit supported the associate circuit judge's conclusion that there was a fair probability that cocaine would be found at the trailer. Consequently, the associate circuit judge had a substantial basis for determining that probable cause existed for issuance of the search warrant.

In support of his point, the defendant also contends cursorily that Officer Judd, in attempting to corroborate information contained in the affidavit, provided information that was false when the officer stated that the trailer searched was tan and white, when, in fact, the trailer searched was brown and tan.

Defendant's initial challenge on this ground is made in his brief. Defendant did not include as a part of the record on appeal a transcript from the hearing on the motion to suppress. In any event, when a search warrant is attacked on the ground that the affiant has provided false material, the warrant is invalid and the products of the search are excluded "only if the defendant establishes by a preponderance of the evidence that the affiant knowingly, intentionally, or with reckless disregard for the truth included a false statement, and that with the affidavit's false material set aside, the remaining information is insufficient to establish probable cause." *United States v. Henry*, 763 F.2d 329, 331 (8th Cir.1985), relying on *Franks v. Delaware*, 438 U.S. 154, 156, 98 S.Ct. 2674, 2676, 57 L.Ed.2d 667 (1978). There is no evidence whatsoever before this court that the affiant acted knowingly, intentionally, or with reckless disregard for the truth. Moreover, even if this court were to find that the affiant acted in the manner required, the remaining information in the affidavit demonstrates that probable cause existed even without the allegedly erroneous material relating to the color of the trailer.

The judgment of conviction is affirmed.

All concur.