**UNITED STATES of America, Appellee,**

v.

**Troy Lee WARNER, Appellant.**

**UNITED STATES of America, Appellant,**

v.

**Troy Lee WARNER, Appellee.**

**Nos. 89–1265, 89–1389.**

United States Court of Appeals, Eighth Circuit.

Submitted Sept. 15, 1989.

Decided Jan. 23, 1990.

John Wesley Hall, Jr., Little Rock, Ark., for appellant.

**958**

Robert J. Govar, Little Rock, Ark., for appellee.

Before BOWMAN and MAGILL, Circuit Judge, and HARPER, Senior District Judge.*

BOWMAN, Circuit Judge.

Troy Lee Warner was convicted after a jury trial of conspiracy to possess with intent to distribute in excess of 100 kilograms of marijuana, 21 U.S.C. §§ 841(a)(1), 846 (1982); possession of marijuana with intent to distribute, 21 U.S.C. § 841(a)(1) (1982); and the use of a firearm during the commission of a drug trafficking offense, 18 U.S.C. § 924(c) (Supp. V 1987). Awaiting a ruling on the constitutionality of the United States Sentencing Guidelines, the District Court[1] sentenced Warner outside of the Guidelines to fifteen years of imprisonment, a $5,000 fine, and a $150 special assessment. The court also imposed an alternative sentence in conformity with the Guidelines. The Guidelines sentence differs from the non-Guidelines sentence in that it increases Warner's term of imprisonment by eighteen months. Pursuant to the terms of the sentencing order, Warner has been committed to the custody of the Bureau of Prisons and is serving his non-Guidelines sentence.

Warner does not attack either of the alternative sentences. For reversal of his convictions, he argues (1) that the District Court improperly admitted evidence seized pursuant to a federal search warrant because the warrant did not show probable cause or, in the alternative, because the warrant contained material and reckless misrepresentations of fact, and (2) the District Court erred in denying his motion to dismiss, which motion was based on his allegations of police misconduct. We affirm.

The government cross-appeals the court's imposition of a non-Guidelines sentence. We vacate the non-Guidelines sentence and remand for the issuance of a new commitment order that will require Warner to serve his Guidelines sentence.

## I.

■ Warner argues that the application for the search warrant failed to demonstrate probable cause that a crime had been committed, and therefore that the incriminating evidence that was found during the search should have been suppressed. We disagree.

We review with great deference the issuing judge's determination of probable cause in granting a search warrant. " 'A grudging or negative attitude by reviewing courts toward warrants' is inconsistent with the Fourth Amendment's strong preference for searches conducted pursuant to a warrant.…'" *Illinois v. Gates*, 462 U.S. 213, 236, 103 S.Ct. 2317, 2331, 76 L.Ed.2d 527 (1983) (quoting *United States v. Ventresca*, 380 U.S. 102, 108, 85 S.Ct. 741, 745, 13 L.Ed.2d 684 (1965)). We conclude that the District Judge[2] had a "substantial basis" for finding that the application for the warrant was sufficient to establish probable cause. *Gates*, 462 U.S. at 238–39, 103 S.Ct. at 2332–33.

The challenged application was filed by Special Agent Robert H. Jamison of the Bureau of Alcohol, Tobacco, and Firearms and stated the following:

On or about June 21, 1988, a confidential and reliable source provided information to the Pulaski County Sheriffs [sic] Office that he/she had seen Troy Lee Warner fire a full automatic machinegun at his residence (Warner) in Little Rock, AR.

On or about June 22, 1988, an anonymouse [sic] phone caller from the Lardmark [sic] community, Little Rock, AR. called the ATF Office and they said Troy Warner had shot a machinegun the previ-

* The Honorable Roy W. Harper, Senior United States District Judge for the Eastern District of Missouri, sitting by designation.

1. The Honorable G. Thomas Eisele, Chief Judge, United States District Court for the Eastern District of Arkansas.

2. The Honorable Henry Woods, United States District Judge for the Eastern District of Arkansas.

ous day at Warner's residence. That this was not the first time, but it had occured [sic] 4 or 5 times in the past couple of months.

On June 28, 1988, the National Firearms Registration and Transfer Record showed no firearms being registered to Troy Warner, Rt. 4 Box 582, Little Rock, AR.

On or about June 2___ [the second number is a strike-over between the numbers 4 and 9], 1988, a confidential and reliable source supplied information to the Pulaski County Sheriffs [sic] Office that during the night of June 2___ [again being a strike-over between the numbers 4 and 9], Troy Warner fired a full automatic machinegun inside his residence at Rt. 4 Box 582, Little Rock, AR.

I am a Special Agent with the Bureau of Alcohol, Tobacco and Firearms. I have worked with the Pulaski County Sheriffs [sic] Office, Little Rock, AR. during the course of this investigation and they have told me that the confidential and reliable source has provided correct information on several occassion [sic] in the past.

Warner argues that the affidavit failed to establish probable cause because it did not provide the judge "with the 'veracity' and 'basis of knowledge' of the person supplying hearsay information, in addition to all the circumstances," Appellant's Brief at 20, and cites *Gates* as authority for these requirements. A more complete misreading of *Gates* is difficult to imagine, for in *Gates* the Supreme Court specifically declined to require a showing of the informant's "veracity" and "basis of knowledge." These requirements, derived from *Aguilar v. Texas,* 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964), and *Spinelli v. United States,* 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637 (1969), formed the previous test for probable cause. Of this test, the Supreme Court stated:

There are persuasive arguments against according these two elements such independent status. Instead, they are better understood as relevant considerations in the totality-of-the-circumstances analysis that traditionally has guided probable-cause determinations: a deficiency in one may be compensated for, in determining the overall reliability of a tip, by a strong showing as to the other, *or by some other indicia of reliability.*

*Gates,* 462 U.S. at 233, 103 S.Ct. at 2329 (emphasis added). Thus, the Supreme Court supplanted the prior "veracity" and "basis of knowledge" requirements with a broad-ranging "totality of the circumstances" test and made it clear that "some other indicia of reliability" could by itself form the basis for a determination of probable cause. In so ruling, the Court stated its conviction "that this flexible, easily applied standard will better achieve the accommodation of public and private interests that the Fourth Amendment requires than does the approach [requiring that the informant's 'veracity' and 'basis of knowledge' be shown]." *Id.* at 239, 103 S.Ct. at 2332.

Nonetheless Warner urges this Court to interpret *Gates* as retaining the two prongs from *Aguilar* and *Spinelli,* and adding yet a third prong: a requirement that the "totality of the circumstances" also be shown in the affidavit. Appellant's Brief at 20. This reading of *Gates,* however, cannot be squared with the opinion of the Court, which stated:

[P]robable cause is a fluid concept—turning on the assessment of probabilities in particular factual contexts—not readily, or even usefully, reduced to a neat set of legal rules.... "Informants' tips, like all other clues and evidence coming to a policeman on the scene, may vary greatly in their value and reliability." Rigid legal rules are ill-suited to an area of such diversity.

*Gates,* 462 U.S. at 232, 103 S.Ct. at 2329 (citation omitted). Indeed, we can find no language in the opinion of the Court in *Gates* that lends any credence to Warner's interpretation.[3]

---

**3.** In support of his interpretation of the *Gates* opinion, Warner cites the opinion of the Eleventh Circuit in *United States v. Sorrells,* 714 F.2d 1522 (11th Cir.1983), which interpreted *Gates* to retain the *Aguilar* requirement that evidence of an informant's veracity and basis of knowledge

Rather, it was precisely the sort of information the police had received in this case—an anonymous tip—that the Supreme Court repeatedly offered as a paradigm of the sort of valuable evidence of criminal activity that would have been rendered useless under the *Spinelli* and *Aguilar* requirements. "[A]nonymous tips seldom could survive a rigorous application of either of the *Spinelli* prongs. Yet, such tips, particularly when supplemented by independent police investigation, frequently contribute to the solution of otherwise 'perfect crimes.'" *Gates,* 462 U.S. at 237–38, 103 S.Ct. at 2331–32.

The affidavit in this case told of three tips: two the affidavit described as "confidential and reliable" and one the affidavit termed "anonymous." The tips were mutually corroborative, each stating that Warner had a machine gun, and had fired it, at his residence. In addition, the affidavit stated that the Bureau of Alcohol, Tobacco, and Firearms had established that no firearms had been registered to Warner at that address. This affidavit clearly provided the District Judge with a "substantial basis" for concluding that there was "a fair probability that contraband or evidence of a crime" would be found at Warner's residence.

## II.

Warner also argues that the evidence seized pursuant to the warrant should have been suppressed because the affidavit contained false statements made in reckless disregard of the truth. In *Franks v. Delaware,* 438 U.S. 154, 155–56, 98 S.Ct. 2674, 2676, 57 L.Ed.2d 667 (1978), the Supreme Court commanded that the fruits of a search be suppressed if (1) the defendant establishes by a preponderance of the evidence that a false statement was made knowingly and intentionally or with reckless disregard of the truth in the affidavit supporting the warrant application, and (2)

---

be present in an affidavit for a search warrant, and to suggest that probable cause could not be found without a strong showing of at least one of these. We respectfully submit that the Supreme Court's disjunctive phraseology in its statement that "a deficiency in one [prong] may

the false statement was integral to the finding of probable cause.

At the conclusion of the hearing on Warner's motion to suppress evidence seized pursuant to the search warrant, the District Court found that the affidavit relied upon by the issuing judge provided a substantial basis for a finding of probable cause, rejecting Warner's allegations of falsity. Having reviewed the record, we are satisfied that the District Court's finding that the affidavit did not contain false statements is not clearly erroneous. The court therefore was correct in refusing to suppress the challenged evidence on this ground. *See United States v. McGlynn,* 671 F.2d 1140, 1143 (8th Cir.1982). We note in passing that the search conducted pursuant to the warrant fully substantiated the information in the affidavit.

## III.

■ Finally, Warner argues that police misconduct interfered with his rights to counsel and to due process of law. In a motion to the District Court, Warner requested that his case be dismissed on the grounds that law enforcement officials had harassed his lawyer, his lawyer's paralegal, and various potential defense witnesses. The District Court responded to these allegations by requesting affidavits from the individuals affected by the alleged misconduct and calling for an investigation by the Federal Bureau of Investigation. On the basis of the information gathered, the court later dismissed the motion and placed the affidavits and the information developed by the F.B.I. under seal to preserve these materials for appellate review.

Having reviewed the sealed material, we find no error in the District Court's ruling in this matter. While there appears to have been corruption in the Benton Police Department, none of it was even remotely

---

be compensated for ... by a strong showing as to the other, or by some other indicia of reliability," *Gates,* 462 U.S. at 233, 103 S.Ct. at 2329, clearly belies the Eleventh Circuit's reading of *Gates.*

connected with Warner's case.[4] Indeed, Warner's allegations of misconduct specific to his case appear to have been wholly unfounded. Moreover, even if we could find some nexus between the police wrongdoing and the case at hand, the Supreme Court has stated, "If the police engage in illegal activity in concert with a defendant beyond the scope of their duties the remedy lies, not in freeing the equally culpable defendant, but in prosecuting the police under the applicable provisions of state or federal law." *Hampton v. United States,* 425 U.S. 484, 490, 96 S.Ct. 1646, 1650, 48 L.Ed.2d 113 (1976) (where defendant's evidence indicated government agent supplied the illegal substance sold by defendant).

## IV.

The United States cross-appeals the District Court's imposition of a non-Guidelines sentence.

 In a case previous to this one, the District Court held the United States Sentencing Guidelines to be an unconstitutional delegation of legislative authority, a violation of the separation of powers doctrine, and a deprivation of liberty without due process of law because of the limits the Guidelines place on individualized sentencing. *United States v. Brittman,* 687 F.Supp. 1329 (E.D.Ark.1988). The Supreme Court has held otherwise with respect to the first two grounds. *Mistretta v. United States,* 488 U.S. 361, 109 S.Ct. 647, 102 L.Ed.2d 714 (1989). And since Warner's sentencing, this Court has reversed the District Court's due process ruling. *United States v. Brittman,* 872 F.2d 827 (8th Cir.), *cert. denied,* — U.S. —, 110 S.Ct. 184, 107 L.Ed.2d 140 (1989). Because these constitutional attacks on the Guidelines have failed, it now is clear that Warner's non-Guidelines sentence was unauthorized and must be vacated.

Because the District Court employed a two-track sentencing procedure—formally sentencing Warner outside of the Guidelines, but also announcing the proper sentence under the Guidelines to be served in the event the Guidelines were to survive constitutional attack—a new sentencing hearing will be unnecessary. All that is necessary is the issuance of a new commitment order that will direct the Bureau of Prisons to require Warner to serve his Guidelines sentence, with credit, of course, for the time he already has served pursuant to his non-Guidelines sentence.

The judgment of conviction is affirmed. We vacate Warner's non-Guidelines sentence and remand for entry of a new commitment order directing Warner's service of the Guidelines sentence that the District Court already has announced.

4. The sealed material discloses that, as a result of the F.B.I. and Arkansas State Police Department investigations, three members of the Benton police force either have been disciplined or charged with felonies.