**UNITED STATES of America, Appellee,**

v.

**Robert Kevin JACKSON, Appellant.**

No. 89–2448.

United States Court of Appeals, Eighth Circuit.

Submitted Jan. 17, 1990.

Decided March 12, 1990.

Philip M. Moomaw, Springfield, Mo., for appellant.

Richard E. Monroe, Springfield, Mo., for appellee.

Before JOHN R. GIBSON, Circuit Judge, and FLOYD R. GIBSON and ROSS, Senior Circuit Judges.

ROSS, Senior Circuit Judge.

Robert Kevin Jackson appeals from the district court's [1] judgment entered upon his conditional plea of guilty to possession of marijuana with intent to distribute and manufacture of marijuana in violation of 21 U.S.C. § 841(a)(1), and possession of a firearm while trafficking drugs in violation of 18 U.S.C. § 924(c). Jackson was sentenced to six years incarceration followed by a three-year term of supervised release. He reserved the right to appeal the denial of his motion to suppress. We affirm.

On January 12, 1989, Corporal Rick Headlee of the Special Investigations Unit of the Springfield, Missouri Police Department received an anonymous phone tip from which he made the following warrant application to search:

1. The Honorable Russell G. Clark, United States District Judge for the Western District of Missouri.

[t]he residence of Robert Jackson located at 1010 E. Evergreen, Springfield, Green County, Missouri. This residence is a white, single-story, frame dwelling with a black roof. The front of the residence faces north and this residence is the second house east of East Avenue on the south side of Evergreen.

\* \* \* \* \* \*

On 01–12–89, I received a telephone call from a concerned citizen who wished to remain anonymous. This male caller stated that his daughter has been living for some time with Robert Jackson at the above location. He stated that he has been aware for some time that his daughter has had a problem with drug addiction, by her own admission. The caller stated that on the morning of 01–12–89, his daughter called him while under the influence of some type of drug to such a degree that she was irrational, hysterical, and apparently disoriented and asked for help. The caller stated that he went to the above location and retrieved his daughter as well as her belongings, intending to seek treatment for his daughter and hopefully, according to him, spare her from a lifetime of drug addiction.

While at the above residence gathering his daughter's belongings, the caller stated that he inadvertently discovered that the garage was filled with plants approximately 4′ tall. The caller stated that he has very little knowledge of marijuana but said that his daughter told him these were marijuana plants. The caller also said that in the bedroom there were several sacks of dried green leafy material which his daughter also indicated was marijuana. The caller stated that he was relaying this information to this department in hopes that we could correct the situation existing at 1010 E. Evergreen. I checked with City Utilities and verified that Robert Jackson did, in fact, have service in his name at 1010 E. Evergreen. I drove by the above location and found it to be a white, single-story, single-family frame dwelling with a black roof. This residence is located on the south side of the street and is the second house east of East Avenue.

A state circuit court judge issued the warrant.

Before execution of the warrant, however, police received a second phone call. According to the government's response to Jackson's motion to suppress, the caller said she was the sister of the girl involved and that Jackson was packing and preparing to move because he knew that once the girl was out of his control, her parents would contact police and report him for growing marijuana. Shortly thereafter the police executed the warrant and the officers observed Jackson in possession of a handgun. They also seized the marijuana.

An information was filed in federal court charging Jackson with six counts. Jackson filed a motion to suppress evidence seized from his home. The motion stated that some information police received from the anonymous caller was false. The girl mentioned in the tip was in fact Kim Enloe whose father was incarcerated at both the time of the incident and of the call. He did not place a call to authorities and had never been at 1010 East Evergreen. Kim Enloe actually left the premises on the morning in question with her grandmother.

The district court denied Jackson's motion to suppress. Even accepting that the information provided by the anonymous caller was false, and that Headlee had no previous knowledge or information of any drug activity at the address, the court found that the application set forth sufficient information from which a fair probability was reached that contraband would be found. The court noted that the informant detailed the location and size of the marijuana plants and the owner of the home, and that police corroborated the only information which could be corroborated without intrusion—the occupant's name. Further, it held that police officers were entitled to a good faith belief in the validity of the warrant based on the corroboration provided by the second phone call.

 Probable cause for a warrant exists only when the totality of the circumstances provides sufficient facts to lead a

prudent person to believe there is a fair probability that contraband or other evidence of a crime will be found. *Illinois v. Gates,* 462 U.S. 213, 238, 103 S.Ct. 2317, 2332, 76 L.Ed.2d 527 (1983). Great deference is given to the issuing magistrate's determination which must be supported by substantial evidence. *United States v. Reivich,* 793 F.2d 957, 959 (8th Cir.1986). We apply a clearly erroneous standard of review when assessing a district court's decision to deny a motion to suppress. *United States v. Eisenberg,* 807 F.2d 1446, 1449 (8th Cir.1986).

■ Jackson argues that the bare application for a warrant had no indicia of reliability and was insufficient to support a probable cause determination. Jackson points out Corporal Headlee's failure to disclose to the issuing state court judge that the caller refused to give his name or his daughter's name, and that Jackson was not known to the police as one active in the drug trade. This argument is without merit. Corporal Headlee clearly stated in the warrant application that the caller "wished to remain anonymous." The other omission would not have changed the probable cause determination. *See generally, Reivich, supra,* 793 F.2d at 962–63. Additionally, we believe the anonymous telephone tip went so far as to exhibit an adequate basis of knowlege. *See Gates, supra,* 462 U.S. at 238–39, 103 S.Ct. at 2332. The caller identified the source of his tip; he gave the height of the marijuana plants, their location and the location of sacks of marijuana, and the name of the occupant. The information has the richness and detail of a first hand observation. *Id.* at 234, 103 S.Ct. at 2330. Further, Corporal Headlee confirmed the information which was susceptible to confirmation by a call to the utility company and a personal external observation of the house. We therefore conclude that a neutral and detached magistrate could make a practical, common sense decision that probable cause existed at the time the warrant was issued.

Jackson also argues that the officers executing the warrant had no basis for a good faith reliance on its validity so as to except them from the exclusionary rule. *See United States v. Leon,* 468 U.S. 897, 922–23, 104 S.Ct. 3405, 3420, 82 L.Ed.2d 677 (1984). He asserts that other alternatives were available to them, i.e., placing the premises under surveillance and interviewing neighbors about any suspicious activities at the residence or whether they had observed a girl leaving with a man who might have been her father.

Appellee responds that the second call provided corroboration for the first, entitling the officers to rely on the warrant. Further, it gave police every reason not to delay execution of the warrant as it warned that Jackson was preparing to depart. We agree that the tips were mutually corroborative. *See United States v. Warner,* 894 F.2d 957, 960 (8th Cir.1990) (mutually corroborative tips supplied "substantial basis" for determination of existence of probable cause). Moreover, having determined that the anonymous informant possessed and provided sufficient indicia of reliability, *see Gates, supra,* 462 U.S. at 233, 103 S.Ct. at 2329, we conclude that the officers were entitled to a good faith reliance upon the warrant.

Accordingly, the district court's order is affirmed.