STATE of Missouri, Plaintiff–Appellant,

v.

Melissa BERRY, Defendant–Respondent.

STATE of Missouri, Plaintiff–Appellant,

v.

Jimmy BERRY, Defendant–Respondent.

No. 72786.

Supreme Court of Missouri,
En Banc.

Dec. 13, 1990.

H. Morley Swingle, Pros. Atty., Cape Girardeau, for plaintiff-appellant.

Jack L. Duncan, Flat River, for defendants-respondents.

ROBERTSON, Judge.

An anonymous caller informed Deputy Don Perry of the Cape Girardeau sheriff's office of a quantity of marijuana at the home of Melissa and Jimmy Berry. The tip described with particularity the outside of the Berry home and indicated personal knowledge of the existence of the marijuana in the Berry home. The issue in this case is whether the informant's tip, together with Deputy Perry's subsequent corroboration of the accuracy of the informant's description of the Berry home, constitutes sufficient probable cause for a neutral magistrate to issue a search warrant, and for the admission of evidence recovered pursuant to that warrant under the Fourth Amendment to the United States Constitution. We hold that a neutral magistrate could find probable cause under these circumstances and that the trial court erred in

suppressing the evidence. Reversed and remanded with directions.

## I.

Melissa Berry and Jimmy Berry were separately charged with felony possession of more than 35 grams of marijuana in April, 1989. The charges stem from the seizure of marijuana found in their home during the execution of a search warrant. Defendants filed separate motions to suppress the evidence on the grounds that the affidavit supporting the search warrant did not state sufficient probable cause to support the issuance of the search warrant.

On August 21, 1989, prior to trial, the trial court held a suppression hearing. Deputy Perry testified that he had received a telephone call from a female caller who provided the initial information on which the search warrant in this case was issued. The caller's information and Deputy Perry's subsequent investigation formed the basis of Deputy Perry's search warrant affidavit, which stated in pertinent part:

2. On Wednesday, April 26, 1989, at approximately 4:10 p.m., I received a telephone call from a person who wished to remain anonymous. The call concerned a quantity of processed marihuana that was seen by the caller the day before on Tuesday, April 25, 1989.

3. The location of the processed marihuana was in a mobile home possessed by Jimmy and Missy Berry. The caller stated that the mobile home was a single-wide trailer, tan in color. The mobile home is located at the intersection of Highway D and County Road 463 in Cape Girardeau County. The anonymous caller said that there was a small deck in front of the trailer with a small above-ground swimming pool on the deck. The caller described the pool as resembling a metal livestock water trough. The person on the telephone also described a vehicle that was parked in front of the trailer as a late model two-tone GMC or Chevrolet pickup truck.

In order to verify the above information relayed to me by the caller, I drove by the trailer and photographed it. I have attached the photograph, which is marked as Exhibit A, to this affidavit and it is incorporated herein by reference. The description of the residence as stated by the caller is correct.

4. The caller stated that he/she had visited the trailer on Wednesday, April 26th. The caller had seen four or five large freezer bags containing a green leafy substance which the caller believed to be marihuana. The anonymous caller told me that he/she had seen marihuana before on other occasions. The caller stated that the processed marihuana was last seen in the master bedroom of the mobile home. The caller advised that Missy Berry was transferring the marihuana from the large freezer bags into smaller plastic baggies.

The trial court[1] initially overruled the motion, finding that while the affidavit failed to show probable cause, the law enforcement officers had acted in good faith reliance on the warrant. The Berrys were tried in a consolidated trial, and on September 12, 1989, a jury found both defendants guilty.

On November 20, 1989, the trial court reconsidered its ruling on defendants' motions to suppress in response to the defendants' motions for a new trial. The court again found that there was insufficient probable cause to justify issuance of the search warrant and further found the affidavit "so lacking in indicia of probable cause" that the officers' reliance on the search warrant was unreasonable and sustained the motions for a new trial. The prosecution appealed the suppression of the evidence in both cases under Section 547.200, RSMo 1986. The two appeals were consolidated and the Missouri Court of Appeals, Eastern District, reversed the rulings and remanded to the trial court. This Court granted defendants' application

---

1. The Honorable Judge A.J. Seier, Circuit Judge, initially issued the search warrant. All other judicial acts at the trial level in this case were those of the Honorable Stephen N. Limbaugh, Jr., Presiding Judge.

for transfer. We have jurisdiction. Mo. Const. art. V, § 10.

## II.

■ The Fourth Amendment guarantees that "no warrants shall issue but upon probable cause, supported by oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized." A firm definition of the phrase "probable cause" has eluded the courts. Chief Justice Marshall defined probable cause to mean "less than evidence which would justify condemnation.... [A] seizure made under circumstances which warrant suspicion." *Locke v. United States*, 11 U.S. (7 Cranch) 339, 348, 3 L.Ed. 364 (1813). The most recent of the United States Supreme Court's major efforts to define "probable cause," *Illinois v. Gates*, 462 U.S. 213, 238, 103 S.Ct. 2317, 2332, 76 L.Ed.2d 527 (1983), tells us that probable cause is "a fair probability that contraband or evidence of a crime will be found." In *Texas v. Brown*, 460 U.S. 730, 742, 103 S.Ct. 1535, 1543, 75 L.Ed.2d 502 (1983), the plurality said that probable cause "does not demand any showing that such belief be correct or more likely true than false." Although no majority opinion from the United States Supreme Court has followed *Brown*, the Eighth Circuit has adopted *Brown's* definition in *United States v. Wayne*, 903 F.2d 1188, 1196 (8th Cir.1990).

■ While the meaning of probable cause is a legal issue; its existence in a particular case is a question of fact. Thus, appellate review is not de novo. We give great deference on review to the initial judicial determination of probable cause made at the time of the issuance of the warrant and we reverse only if that determination is clearly erroneous. *State v. Milliorn*, 794 S.W.2d 181, 183 (Mo. banc 1990); *State v. Hawkins*, 760 S.W.2d 926, 927 (Mo.App.1988).

The rigid, two-pronged, basis of knowledge/reliability test of *Auguilar v. Texas*, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964), and *Spinelli v. United States*, 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637 (1969), for determining probable cause is no longer the law. Instead, the neutral magistrate must determine probable cause from the totality of the circumstances. *Gates*, 462 U.S. 213, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983). The neutral magistrate must make a "practical, commonsense decision whether ... there is a fair probability that contraband or evidence of a crime will be found." *Id.* at 238, 103 S.Ct. at 2332. That decision is made from all the circumstances set out in the affidavit, including the "basis of knowledge" and "veracity" of persons providing hearsay information. *Id.*

*Gates* based its finding of probable cause on an anonymous letter which set out the details of an upcoming trip planned by the defendants. The letter stated that Lance Gates would fly to Florida. Susan Gates would drive and meet Lance there, where they would pick up some drugs and return to Illinois. The police were able to corroborate most of the innocent details, including the first half of the trip itself. On that basis, officers prepared their affidavit and a judge issued a search warrant.

■ Missouri courts have held that the "personal knowledge of the informant corroborated through other sources is enough to establish probable cause." *State v. Moiser*, 738 S.W.2d 549, 557 (Mo.App.1987). In *State v. Beatty*, 770 S.W.2d 387 (Mo.App.1989), police received an anonymous CrimeStoppers tip to go to a particular restaurant and inquire about a female, former employee. The caller implied a connection between the employee and a recent robbery. An officer called the restaurant with the description of the robbery suspect and was given the defendant's name as a possible match. The description was similar to the defendant's driver's license description. Based on the anonymous call, combined with the similarity of description, probable cause existed upon which to issue a search warrant.

In *United States v. Jackson*, 898 F.2d 79 (8th Cir.1990), a police officer based a warrant application on an anonymous telephone call. The caller described the location to which he had gone earlier that day in order to remove his daughter, who had been living at that location with the defen-

dant. The caller also stated that he had seen what his daughter identified as marijuana in both the garage and the bedroom. The officer stated in his application that he had verified the location and description of the house and that the defendant lived there. The search warrant was issued on that basis and the *Jackson* court concluded that "a neutral and detached magistrate could make a practical, common-sense decision that probable cause existed." *Id.* at 81.

◼ In this case, as in *Jackson*,[2] police received an anonymous phone call. The caller stated that she had personally observed marijuana in the defendant's home the day before. She described the location, the containers used, quantity involved, and the defendant's handling of the marijuana. She explained that she knew what marijuana looked like. This detailed information bears the unmistakable marks of firsthand observation. It demonstrates an even more thorough basis of knowledge than that provided by the caller in *Jackson*.[3] The informant also extensively described the exterior of the home, vehicle and yard. Upon receiving the information, Deputy Perry testified that he drove to the location and verified the accuracy of the only information he was capable of confirming: the location, vehicle and exterior description. "With every other bit of the [informant's] information being verified, [the officer] had reasonable grounds to believe that the remaining unverified bit of [the informant's] information—[that the Berry home contained marijuana]—was likewise true." *Draper v. United States,* 358 U.S. 307, 313, 79 S.Ct. 329, 333, 3 L.Ed.2d 327 (1959).

From these facts, set forth in Deputy Perry's affidavit, we conclude that a neutral and detached magistrate could have made a practical, common-sense decision that there existed a fair probability that marijuana would be found in defendants'

home and that a search warrant should issue.

Defendants rely heavily on the recent Eastern District case of *State v. Hammett,* 784 S.W.2d 293 (Mo.App.1989). Defendants' reliance is misplaced. In *Hammett,* an informant who wished to remain anonymous reported to police that a "drug meeting" would take place at the Hammett's farm and that drugs were stored on the farm in an underground chamber or basement. *Id.* at 294. A major flaw in the *Hammett* affidavit was the informant's complete failure to speak from personal knowledge. The appellate court, which found the affidavit supporting the search warrant insufficient, pointed out that the affidavit did not state that the informant had seen any drugs at the farm or had even visited the farm. *Id.* at 296. The informant had apparently obtained the information from his wife, who had obtained it from "another lady," who had heard it from the defendant's mother. *Id.* at 294. *Hammett* is best viewed as standing for the proposition that uncorroborated fourth-hand hearsay is not enough. This is particularly so in view of *Hammett's* dicta that "[h]ad the informant conveyed firsthand observations of facts, we have no doubt that his 'veracity' was sufficiently established." *Id.* at 296.

### III.

We hold that the trial court, which did not initially issue the warrant, erred in sustaining defendants' motion to suppress evidence. The affidavit stated sufficient probable cause to support the issuance of the search warrant. The decision of the trial court is reversed. Because this is an interlocutory appeal, and because this record does not reveal whether the trial court would have sustained the defendants' motion for new trial on grounds other than the Fourth Amendment, we remand these

---

**2.** The *Jackson* decision was unavailable to the trial court at the time of the defendants' motion for new trial in November of 1989.

**3.** The single other difference between these cases is that in *Jackson* the officer verified that Jackson lived at the location. Verification of

the Berry's residence was not mentioned in Deputy Perry's affidavit, although suppression hearing testimony revealed that one or more of the police officers had personal knowledge that the Berry's lived at the location searched.

cases to the trial court for further proceedings consistent with this opinion.

BLACKMAR, C.J., and RENDLEN, HIGGINS, COVINGTON and HOLSTEIN, JJ., and MORGAN, Senior Judge, concur.

BILLINGS, J., not sitting.