**STATE of Missouri, Respondent,**

v.

**Della M. HILL, Appellant.**

No. 68496.

Missouri Court of Appeals,
Eastern District,
Northern Division.

July 23, 1996.

Motion for Rehearing and/or Transfer to Supreme Court Denied Aug. 28, 1996.

Andrew H. Marty, St. Louis, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Breck K. Burgess, Asst. Atty. Gen., Jefferson City, for respondent.

AHRENS, Judge.

Defendant Della Hill appeals the judgment entered on her convictions by a jury for felony possession of a controlled substance, § 195.202.2,[1] and for misdemeanor possession of a controlled substance, § 195.202.3. The trial court sentenced defendant to two concurrent terms of imprisonment in the Montgomery County jail, a six month term for the felony conviction and a thirty day term for the misdemeanor conviction. We affirm.

The evidence adduced at trial, viewed in the light most favorable to the verdict, showed that, pursuant to a warrant, Montgomery County police searched defendant's home on November 5, 1992. Defendant resided in this house with her spouse and her twelve-year-old daughter. During the search, the police discovered drug paraphernalia and a small quantity of illegal narcotics in the living room, the kitchen and the master bedroom. In the living room, the police found a burned butt of a marijuana cigarette, commonly referred to as a "roach", in an ashtray on the coffee table and a "shake tray"[2] under the couch. A "roach", a roach clip[3] and rolling papers were located on the tray. In the kitchen, the police found an envelope containing marijuana seeds.[4] In the master bedroom, the police found a "roach" in an ashtray on the headboard, a set of scales in defendant's bedside nightstand, and a compact on top of a chest of drawers.

Inside the compact was a razor blade and a straw. The straw had cocaine residue caked to its inside. The total amount of marijuana found in defendant's house weighed approximately .31 grams. The quantity of cocaine residue was so minute as to be immeasurable, and the entire amount was consumed and destroyed during the test which identified it as cocaine.

In her first point relied on, defendant states the trial court erroneously denied her motion for judgment of acquittal. She argues that insufficient evidence was presented for a reasonable jury to find that she knowingly and intentionally possessed marijuana and cocaine. We disagree.

■ Our review is limited to a determination whether there was sufficient evidence from which a reasonable juror might have found defendant guilty beyond a reasonable doubt. *State v. Grim*, 854 S.W.2d 403, 405 (Mo. banc 1993). When reviewing questions of sufficiency of the evidence we view the evidence and all reasonable inferences drawn from it in the light most favorable to the verdict while disregarding contrary evidence or inferences. *State v. Mallett*, 732 S.W.2d 527, 530 (Mo. banc 1987). Evidence sufficient to support a guilty verdict here by definition includes evidence to support a finding that each of the elements of the crime of possession of a controlled substance existed beyond a reasonable doubt. *See Grim*, 854 S.W.2d at 411. To support a conviction for possession of a controlled substance, the State must prove defendant, "with the knowledge of the presence and illegal nature of a substance, [had] actual or constructive possession of the substance." § 195.010(33). The elements of the offense may be proven, partially or entirely, by circumstantial evi-

---

1. Unless otherwise noted, all statutory references are to RSMo 1994.

2. One of the police officers testified that shake trays are commonly used by marijuana smokers to separate the marijuana leaves, which are smokable, from the marijuana seeds, which pop when smoked.

3. A police officer testified that a roach clip is a device used to hold onto the end of a marijuana

cigarette so that a person can smoke the last little bit of the cigarette without burning the smoker. *See also* § 195.010(18)(*l*)e, RSMo 1994.

4. No evidence was adduced regarding whether these seeds were sterile or fertile. Sterile marijuana seeds are expressly excluded from the definition of marijuana in the Comprehensive Drug Control Act of 1989. § 195.010(26), RSMo 1994.

dence. *State v. Phegley*, 826 S.W.2d 348, 352 (Mo.App.1992).

■ Defendant's argument in her first point focuses on the "knowledge of the presence" element of the crime. The State concedes that no direct evidence was adduced which would establish this element. Therefore, the issue we must confront is whether there was substantial circumstantial evidence adduced at trial to support an inference that defendant had knowledge of the presence of the marijuana and cocaine found in her house.

Defendant asserts that no such inference can be reasonably drawn when only a minuscule quantity of the controlled substance was discovered. While *State v. Polk*, 529 S.W.2d 490 (Mo.App.1975), relied upon by defendant, and *State v. Baker*, 912 S.W.2d 541 (Mo.App. 1995), a case not mentioned in defendant's brief, give some credence to defendant's assertion, we find these cases distinguishable.

Both *Polk* and *Baker* were cases involving an immeasurable, or "trace"[5], amount of a controlled substance. The instant marijuana conviction is distinguishable from those cases because it involved an admittedly slight, less than one-third of a gram, yet measurable quantity of marijuana. Missouri courts have affirmed convictions for possession of a small but measurable quantity of a controlled substance. *State v. Harrington*, 679 S.W.2d 906 (Mo.App.1984)(.05 grams marijuana); *State v. Camden*, 837 S.W.2d 520 (Mo.App. 1992)(.79 grams cocaine); *State v. Young*, 427 S.W.2d 510 (Mo. banc 1968)(.003 grams heroin).

■ Of course, the mere presence of a measurable quantity does not warrant affirmance. *See State v. Ray*, 747 S.W.2d 765 (Mo.App.1988)(reversed on grounds that no substantial evidence was presented which would support finding that automobile passenger was aware of presence of .04 grams cocaine underneath rear seat of car). The court will consider the totality of the circumstances when determining the sufficiency of the evidence. *State v. Mischanko*, 743

S.W.2d 867, 868–69 (Mo.App.1987). Here the presence of drug paraphernalia and small quantities of marijuana in several locations throughout defendant's home, including two roaches in plain view and a set of scales in defendant's bedroom nightstand give rise to a reasonable inference that she knew of the presence of the marijuana. *c.f. State v. Willers*, 794 S.W.2d 315 (Mo.App.1990).

■ Unlike the measurable quantities of marijuana involved, mere "trace" amounts of cocaine were involved in the instant case. *Polk* and *Baker* both held that insufficient evidence was presented to sustain a conviction for possession of a controlled substance when the only evidence presented to support the conviction was a "trace" amount of the controlled substance. *Polk*, 529 S.W.2d at 494; *Baker*, 912 S.W.2d at 543. However, both of these opinions expressly limited their holding to the specific facts of the case thus recognizing that a person can know of the presence of mere "trace" amounts. See *State v. Smith*, 808 S.W.2d 24 (Mo.App.1991)(appellate court affirmed conviction for possession of "trace" amounts of heroin in a syringe found in defendant's pocket when defendant admitted to recent usage of syringe to ingest drugs).

In *Polk*, drug paraphernalia and five pink capsules containing "trace" amounts of heroin were discovered in a "male jewelry box" in a bedroom closet. *Polk*, 529 S.W.2d at 491. A witness testified that the residence in *Polk* was shared by four males, including defendant James Polk and that the jewelry box was owned by one of Polk's roommates. *Polk* 529 S.W.2d at 492. The State did not utilize an accomplice liability theory in that case. Furthermore, the court applied the circumstantial evidence rule which has since been rejected because it improperly created a higher standard of review. *Grim*, 854 S.W.2d at 405, 407.

In *Baker*, a pat-down search led to the discovery of a crack pipe on the person of Robert Baker. *Baker*, 912 S.W.2d at 542. No cocaine was visible on the pipe, but a chemical analysis revealed that a burnt resi-

---

**5.** The courts in *Polk* and *Baker* used the term "trace" to describe a quantity of a controlled substance residue which is so small it can not be weighed and is entirely consumed when tested for identification purposes. We use the term in an identical manner.

due on the pipe included "trace" amounts of cocaine. *Baker*, 912 S.W.2d at 542–43. In reversing Baker's conviction, the appellate court implied that, as a matter of law, defendant could not have known of the presence of the cocaine because no recognizable, visible "traces" remained after the drug had been burned. *Baker*, 912 S.W.2d at 546.

In the instant case, a visible "trace" amount of cocaine was found caked inside a straw which, along with a razor blade, was inside of a compact in plain view in defendant's bedroom. Defendant was then tried under an accomplice liability theory and the circumstantial evidence rule was not applied. Thus, the instant case is distinguishable from *Polk* because of the use of accomplice liability theory, the failure to use the circumstantial evidence rule, and the plain view of the contraband's repository. The instant case is distinguishable from *Baker* because of the chemical nature of the cocaine residue attached to the instrument of ingestion and the resultant visibility of the remaining "trace" amounts of cocaine. We hold that, under the totality of the circumstances, sufficient evidence was adduced from which a reasonable juror might have found defendant knew of the presence of cocaine in her home. The trial court did not err in denying defendant's motion for judgment of acquittal. Point denied.

■ In her second point, defendant contends the trial court erred in denying her motion to suppress evidence. She argues that the evidence obtained during the search of her home was tainted because the underlying search warrant was issued without probable cause. We disagree.

■ As the State maintains in its brief, defendant failed to preserve this alleged error in a timely and specific manner. While a timely and specific motion in limine was filed and denied, such filing does not preserve for appellate review the issue of admissibility of evidence. *State v. Dayringer*, 755 S.W.2d 698, 702 (Mo.App.1988). Defendant is required to make a timely and specific objection at the time the evidence is

sought to be introduced. *Id.; State v. Reynolds*, 782 S.W.2d 793, 797 (Mo.App.1989). Here, four police officers testified about their participation in the search of defendant's residence. All four testified that they personally observed drug paraphernalia and/or controlled substances in defendant's home. No objection was made during any of this testimony. Furthermore, photographs of the observed paraphernalia were admitted into evidence without an objection regarding the search warrant.[6] Defendant's only attempt at a relevant objection occurred when the State, at the end of their case, tried to admit the observed narcotics into evidence. At that time, defendant declared, "I've already stated previously my objections to the search itself. I don't want to waive that objection here so I'd restate that objection." The trial court overruled the objection. This objection did not constitute a timely specific objection to the introduction into evidence of the fruits of the search of defendant's residence. *c.f. Dayringer*, 755 S.W.2d at 702. Therefore, the point relied on was not properly preserved for appeal and our review is limited to an *ex gratia* review for plain error. Rule 30.20.

■ The Fourth Amendment of the U.S. Constitution guarantees that "no warrant shall issue but upon probable cause." To effectuate this constitutional mandate, a neutral magistrate, after assessing the totality of the circumstances, must determine whether a search warrant application and its supporting affidavits demonstrate a fair probability that contraband or evidence of a crime will be found in a particular place. *State v. Miller*, 815 S.W.2d 28, 32 (Mo.App. 1991). Our duty, upon review, is to ensure that the magistrate had a substantial basis for concluding probable cause existed. *Id.* We examine the four corners of the supporting affidavits when making this determination. *Id.* We give great deference to the magistrate's decision. *Id.*

In the case at bar, Deputy John Mazanec of the Montgomery County Sheriff's Department sought a warrant to search defendant's

---

**6.** Defendant objected to the admission of the photographs pursuant to the best evidence rule.

The objection was overruled and the trial court's ruling has not been contested on appeal.

residence. In his supporting affidavit, he stated, in pertinent part:

1. That [I] was contacted on the 27th day of October, 1992 by a concerned citizen.

2. That this concerned citizen advised [me] on October 27, 1992 that within the past few days this concerned citizen smelled the odor of marijuana inside [defendant's residence]. The concerned citizen further stated to me that a quantity of marijuana and drug paraphernalia had been seen in the residence in the past. The concerned citizen further stated that said concerned citizen is familiar with both the appearance of marijuana and with the smell of burning marijuana.

3. [I] discussed the location of [defendant's residence] with the concerned citizen and the location the concerned citizen related to me was the same location of the residence which [I] know to be the residence of [defendant].

The Honorable Roy Richter issued a search warrant for defendant's residence on October 30, 1992.

We find these facts remarkably similar to the facts in *State v. Berry,* 801 S.W.2d 64 (Mo. banc 1990) and *U.S. v. Jackson,* 898 F.2d 79 (8th Cir.1990). In both of those cases, a person who wished to remain anonymous informed the police that he had personally seen a quantity of marijuana at the residence of a named individual. The anonymous informant claimed that either he was familiar with the appearance of marijuana or his daughter, who was present at the time the marijuana was observed, was familiar with the appearance of marijuana. The police then verified the only information capable of being confirmed—that the alleged marijuana possessor lived at the location specified by the informant. From those facts, the reviewing court held that the affidavit stated sufficient probable cause to support the issuance of a search warrant. *Berry,* 801 S.W.2d at 64; *Jackson,* 898 F.2d at 81.

Defendant makes no attempt to distinguish *Berry* or *Jackson* from the instant case and we find no distinction which would warrant a finding of plain error. Within the four corners of Deputy Mazanec's affidavit exists sufficient information to support a finding of probable cause. The trial court did not plainly err in denying defendant's motion to suppress. Point denied.

■ In her third point on appeal, defendant seeks a remand for an evidentiary hearing because of her inability to obtain a copy of the search warrant application and the supporting affidavit. We note that these documents are included in the State's supplemental legal file and were available to defendant prior to her submission of a reply brief. Point denied.

■ In her fourth point on appeal, defendant asserts the trial court erroneously denied her motion for a mistrial. She argues that she was gravely prejudiced when the State, via a leading question, informed the jury about defendant's 1979 conviction for third degree property damage. We disagree.

During cross-examination, the State asked one of defendant's character witnesses whether she was aware of this prior conviction. Defendant objected. The objection was sustained and the jury was instructed to disregard the question. A motion for mistrial was made and denied.

■ Refusal to grant a mistrial will be overturned only if the trial court abused its discretion. *State v. Young,* 701 S.W.2d 429, 434 (Mo. banc 1985). Missouri courts usually grant mistrials in extraordinary circumstances only because a mistrial is a drastic remedy. *State v. Sidebottom,* 753 S.W.2d 915, 919–20 (Mo. banc 1988). Defendant does not contend that extraordinary circumstances exist here and our independent analysis fails to uncover any extraordinary circumstances. The trial court did not abuse its discretion. Point denied.

In her fifth and final point on appeal, defendant contends the trial court erred in submitting to the jury verdict directors based on MAI–CR No. 325.02. Defendant argues no evidence was adduced at trial to support a jury instruction that either defendant or her husband possessed marijuana or cocaine. Reiterating her first point, she con-

tends evidence of a "trace" amount of cocaine is insufficient "evidence that she knowingly and intentionally possessed a controlled substance with an awareness of its presence and nature." Because this argument is redundant of her first point relied on, we deny it on the same grounds as we denied her first point.

Affirmed.

REINHARD, P.J., and RHODES RUSSELL, J., concurs