STATE of Missouri, Plaintiff–Respondent,

v.

Steven W. TRAMELL, Defendant–Appellant.

No. 24533.

Missouri Court of Appeals, Southern District, Division Two.

Sept. 18, 2002.

Irene Karns, Asst. Public Defender, Columbia, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Stephanie Morrell, Asst. Atty. Gen., Jefferson, for respondent.

NANCY STEFFEN RAHMEYER, Chief Judge.

Steven W. Tramell ("Appellant") was convicted, following a jury trial, of the class B felony of manufacturing a controlled substance under § 195.211[1] and sentenced to ten years in the Missouri Department of Corrections. In his appeal he contends that the confidential informants listed in the search warrant executed on his home were not reliable and, therefore, the evidence obtained as a result of the subsequent search should have been excluded. We disagree and affirm the conviction.

■ We commence the discussion with the accepted principle that this court gives great deference to the judge's determination of probable cause made at the time the warrant was issued. *State v. Berry,* 801 S.W.2d 64, 66 (Mo. banc 1990). We reverse only if the determination is clearly erroneous. *Id.* The test for determining if there was probable cause for a warrant to be issued is whether probable cause was established by a "totality-of-the-circumstances." *Illinois v. Gates,* 462 U.S. 213, 230–31, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983). The issuing court must make a "practical, commonsense decision whether

---

1. All references to statutes are to RSMo 2000, unless otherwise indicated.

... there is a fair probability that contraband or evidence of a crime will be found." *Berry*, 801 S.W.2d at 66.

In determining whether there is the requisite substantial basis for the use of hearsay, the test is whether the informant learned the information through personal observation and whether the informant's statements were corroborated through other sources. *State v. Laws*, 801 S.W.2d 68, 70 (Mo. banc 1990). Because the issuing judge may not consider oral testimony, the basis for the affidavit must be contained within the application or supporting affidavits. *State v. Gordon*, 851 S.W.2d 607, 612 (Mo.App. S.D.1993).

Corporal James Altic submitted an affidavit in support of the application for the search warrant. He based his knowledge on two confidential informants. The first confidential informant observed paraphernalia commonly associated with the manufacture of methamphetamine at Appellant's home.[2] The informant also related that he had sold someone named "Steve" a quantity of chemicals at Appellant's address. Corporal Altic indicated that this confidential informant had previously informed the police about methamphetamine labs that were subsequently located by using the informant's information. Corporal Altic had the informant point out the exact location of the methamphetamine lab, which was on the Appellant's property.

Within a week, a second confidential informant also claimed to have observed numerous items and ingredients associated with the manufacture of methamphetamine[3] in Appellant's bedroom at the same address. The second informant identified a picture of Appellant as the person who was manufacturing methamphetamine at that location and took the officer to the location where the informant had observed the items.

Additionally, area law enforcement received information from a third source that two individuals who had extensive histories with methamphetamine were frequenting Appellant's home.

Appellant contends that while there was an indication that the first confidential informant had been reliable on two previous occasions, there was no allegation that the second confidential informant had ever been a reliable source of information. Appellant also contends the third source's credibility was not addressed in the affidavit.

We believe that the trial court, relying on information from two independent sources, received within one week of each other, concerning the observance of specific items used in the preparation of methamphetamine at Appellant's home, based its decision on the totality of the circumstances and made a practical, common-sense decision that there was a fair probability that contraband or evidence of a crime would be found in Appellant's home. The search warrant was based on reliable information that was corroborated by independent confidential informants. All of this information was contained in the affidavit supporting the request for a search warrant. Point denied.

The judgment is affirmed.

PREWITT, P.J., and SHRUM, J., concur.

---

2. The paraphernalia observed included "pyrex bowls, tubing, ephedrine tabs and numerous jugs of iodine."

3. These items included, "plastic tubing, coffee filters, red devil lye, hot plate and numerous jars plus a red liquid that had two layers in a jar."