**STATE of Missouri, Appellant,**

v.

**James E. KIRBY, Jr., Respondent.**

No. ED 83368.

Missouri Court of Appeals,
Eastern District,
Division Three.

Feb. 24, 2004.

G. John Richards, Lincoln County Prosecuting Atty., Troy, MO, for appellant.

Frank Juengel and Dan Juengel, Clayton, MO, for respondent.

Before CLIFFORD H. AHRENS, P.J., WILLIAM H. CRANDALL, JR., J., and LAWRENCE E. MOONEY, J.

PER CURIAM.

The State of Missouri appeals the trial court's grant of James Kirby, Jr's ("defendant") motion to suppress physical evidence. The State claims that the trial court erred in granting the motion because there was sufficient probable cause to issue the search warrant. We affirm.

A complaint for a search warrant was filed, which was supported by an affidavit executed by Detective Kirk Rose. In the affidavit, Detective Rose swore that "upon information and belief," evidence of the commission of the crime of possession of a controlled substance with the intent to distribute existed in a residence located at 131 Royal Drive in Troy, Missouri. The affidavit stated that a "cooperative individual" informed Detective Rose that defendant possessed marijuana at his residence. The individual told Detective Rose that "he/she observed a large amount of marijuana in a safe that belonged to [defendant]," and that "he/she also observed digital scales and plastic bags in the safe." The affidavit also stated that according to the "cooperative individual," defendant had marijuana on a chest of drawers.

A search warrant was issued and executed, and several items were discovered. On his return and inventory, Detective Rose listed the following items as having been discovered and taken into his possession: "a large amount of marijuana packaged separately, plastic bags, scale, radio shack scanner, sentinel safe, $200.00, check to [defendant] for $583.94, a set of keys." Defendant was charged by information with one count of possession of a controlled substance with intent to distribute, and one count of possession of a controlled substance. Defendant filed a motion to suppress statements, and a motion to suppress physical evidence. Both motions were called, heard, and taken under submission by the trial court. The trial court subsequently granted the motion to suppress physical evidence because the affidavit was "lacking." The trial court found that the affidavit did not name the cooperative individual, and therefore there was no statement to establish the credibility of the informant, including a statement detailing efforts by the police department to corroborate any of the information. The State appeals.

In its sole point on appeal, the State argues that the trial court erred in granting defendant's motion to suppress physical evidence because probable cause did exist to issue the search warrant.

Pursuant to the Fourth Amendment to the United States Constitution, "no warrants shall issue, but upon probable cause, supported by oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized." This probable cause requirement is also contained in the Missouri

Constitution, Article I, Section 15, and has been codified in section 542.276.4 RSMo (2000). "The existence or nonexistence of probable cause is to be determined from the four corners of the application of the search warrant and any supporting affidavits." *State v. Willis,* 97 S.W.3d 548, 554 (Mo.App.2003). A determination as to whether there is a fair probability that contraband or evidence of a crime will be found must be made after a consideration of the totality of the circumstances. *State v. Eshnaur,* 106 S.W.3d 571, 575 (Mo.App. 2003).

 Appellate review of whether a search warrant was issued without the requisite probable cause, as to render the warrant and the subsequent search and seizure illegal to justify exclusion of the evidence, is not *de novo. Eshnaur,* 106 S.W.3d at 575. Rather, we determine whether, based upon the four corners of the application and its supporting affidavits, the court had a substantial basis for its conclusion that probable cause existed to issue the warrant. *Id.* Our review of the trial court's decision to grant or deny a motion to suppress evidence is limited to "a determination of whether there is substantial evidence to support its decision." *Eshnaur,* 106 S.W.3d at 574, (*quoting State v. West,* 58 S.W.3d 563, 567–68 (Mo. App.2001)). "We give great deference on review to the initial judicial determination of probable cause made at the time of the issuance of the warrant and we reverse only if that determination is clearly erroneous." *Id., (quoting State v. Berry,* 801 S.W.2d 64, 66 (Mo. banc 1990)).

In *State v. Berry,* 801 S.W.2d at 66, the Missouri Supreme Court faced an issue similar to the one now before us. An anonymous informant provided information to a sheriff's deputy in Cape Girardeau about a quantity of marijuana inside the Berrys' residence. *Id.* The anonymous caller described the outside of the residence in detail and stated that she had personally observed marijuana in the home. *Id.* at 67. She provided specific information about the location of the marijuana, the quantity, containers used to store it, and the defendant's handling of the marijuana. *Id.* The officer stated in his affidavit that he verified the description of the residence provided by the informant by driving by the home and photographing it. *Id.* at 65. The trial court granted the motions to suppress of the defendants. *Id.* at 65. The prosecution appealed, and the Supreme Court granted transfer. *Id.* The Supreme Court, in finding that the affidavit stated sufficient probable cause to support the issuance of the search warrant, noted that an informant's personal knowledge, corroborated by other sources, is sufficient to establish probable cause. *Id.* at 66.

In the present case, although the affidavit included facts which indicated the personal knowledge of the "cooperative individual," there was no reference to any corroboration of this information by Detective Rose in the affidavit. Detective Rose did testify at the suppression hearing that he took steps to corroborate the information given to him; however, this testimony was not presented to the issuing court in support of the application for the search warrant.

The State argues that like the present case, the officer in *Berry* testified to his corroboration at the suppression hearing, and the Supreme Court found this to be sufficient corroboration to support a finding of probable cause and the issuance of the warrant. We find this argument without merit. The officer in *Berry* provided information about his verification of the informant's description of the residence in the affidavit supporting the application for search warrant. *Berry,* 801 S.W.2d at 65.

As discussed above, probable cause is to be determined from the four-corners of the application for the search warrant and any affidavits in support of the application. *Willis,* 97 S.W.3d at 554. Here, there was no discussion in the application or affidavits of Detective Rose's verification or corroboration of the information provided to him by the "cooperative individual." Thus, there was no substantial basis for the issuing court's conclusion that probable cause existed to issue the warrant, and the trial court did not err in granting the motion to suppress.

The judgment of the trial court is affirmed.