STATE of Missouri, Respondent,

v.

Robert L. BAKER, Appellant.

No. WD 50050.

Missouri Court of Appeals,
Western District.

Oct. 3, 1995.

Motion for Rehearing and/or Transfer to Supreme Court Denied Dec. 5, 1995.

Application to Transfer Denied
Jan. 23, 1996.

Rose M. Wibbenmeyer, Office of the State Public Defender, Columbia, for appellant.

Jeremiah W. (Jay) Nixon, Attorney General, Michelle A. Freund, Assistant Attorney General, Jefferson City, for respondent.

Before KENNEDY, P.J., and SMART and LAURA DENVIR STITH, JJ.

LAURA DENVIR STITH, Judge.

Robert Baker was charged in the Circuit Court of Buchanan County with possession of cocaine, a controlled substance, in violation of section 195.202, RSMo.Cum.Supp.1993.[1] Defendant appeals on the grounds that he was not in possession of any measurable or visible amount of cocaine and that the mere fact the State was able to find the burnt residue of cocaine on a pipe evidences solely prior cocaine use and does not support his conviction for then knowingly and intentionally possessing cocaine.

## I. *FACTUAL AND PROCEDURAL BACKGROUND*

On November 19, 1993, at approximately 7:00 p.m., Mr. Baker, driving a red Chevy Chevette, stopped in front of an apartment building in St. Joseph, Missouri. Robert Scruggs, a passenger in the vehicle, got out of the car and entered the apartment building. Once inside, Mr. Scruggs was arrested by members of the Buchanan County Drug Strike Force for the possession of crack cocaine.

After taking Mr. Scruggs into custody, additional officers stationed outside the apartment building were given a pre-arranged signal to take all occupants of the vehicle into custody. The officers approached the Chevette and took the defendant, Mr. Baker, and a passenger, Adella Jones, into custody. During a pat-down search of Mr. Baker, Officer Howard discovered what appeared to be a crack pipe. He also found another pipe on the passenger floorboard of the vehicle. Officer Howard then arrested Mr. Baker for possession of drug paraphernalia.

In his report of the arrest, Officer Howard noted the discovery of the two pipes, and made a notation to the laboratory to "test for cocaine residue *if possible* " (emphasis added). At trial, Officer Howard explained that he simply arrested Mr. Baker for possession of drug paraphernalia, and not for possession of cocaine itself, because he had not found any cocaine in Mr. Baker's possession and he was not sure whether there was sufficient cocaine residue, on either pipe, to be tested.

Mr. Baker was transported to the Law Enforcement Center where he signed a waiver of rights form prior to questioning. In a written statement, Mr. Baker indicated that the officers had found a pipe in his jacket but that:

> It was not mine. I had just bought it from a guy on Messanie for $10. I have smoked crack in the past. The last time I smoked was around 4:00 p.m., was when I smoked crack last.

The pipes were sent to the Missouri Highway Patrol for drug testing. Dale Lawrence, of the Missouri State Highway Patrol Crime Laboratory, testified that he did not recall seeing any hard matter within the pipes prior to testing, but he did note the presence of burnt residue on the pipes. When asked whether he was able to weigh the cocaine on the pipe, Officer Lawrence stated, "No, I was unable to obtain any weight. It was only residue." However, Officer Lawrence was able to test the residue by rinsing out the two pipes with a solvent and then testing the solvent wash for the presence of cocaine.

---

1. Unless otherwise indicated, all statutory references are to the Revised Statutes of Missouri as in effect in 1993 at the time of the offense in question.

There were no visible cocaine particles in the solvent wash, but, by using chemical color tests, gas chromatography and gas chromatography mass spectrometer tests on the solvent wash, Officer Lawrence determined that the residue he washed out of the pipes was cocaine residue. The State then charged Defendant with possession of a controlled substance. Apparently, and without record explanation, the State later dismissed the charge of possession of drug paraphernalia for which Mr. Baker originally had been arrested.

Defendant moved for a judgment of acquittal at the close of the State's evidence on the basis that the above evidence was insufficient to prove the elements of the crime of possession of a controlled substance under section 195.202, in that the State had failed to prove that he had knowingly and intentionally possessed cocaine. In support, defense counsel argued that, under *State v. Smith,* 808 S.W.2d 24 (Mo.App.1991), and *State v. Polk,* 529 S.W.2d 490 (Mo.App.1975), a conviction for possession cannot stand where the amount of the controlled substance found in defendant's possession is so small that it cannot be weighed. In such a case, counsel argued, the tiny amount of drug present simply indicates a prior, and not a present, possession and is insufficient to show a knowing and intelligent possession of a controlled substance.

Defense counsel also argued that section 195.010, which defines the meaning of the term "drug paraphernalia," supports the conclusion that mere possession of an object, such as a pipe, which contains the burnt residue of a drug, does not qualify as possession of the drug itself. In particular, he argued that the statute notes a variety of factors which are relevant in determining whether an object constitutes drug paraphernalia and that proximity of the object to a controlled substance is considered a *separate* factor from the presence of charred residue of a controlled substance on the object. Self-evidently, he argued, if charred residue constituted the drug itself, then its presence on the object would always constitute presence of the object in proximity to a controlled substance.

The trial court thoughtfully reviewed the cases cited by Defendant and carefully considered the arguments of counsel. He noted that the facts of this case seemed to fit within the exception set out in *Smith* and *Polk,* but ultimately decided, particularly in light of the fact that the prosecutor had not had the opportunity to cite opposing cases, that "it's not clear-cut enough based on those cases cited to give a directed verdict. If the defendant is convicted, I suppose we'll have the Appellate Court look at it."

The jury found Mr. Baker guilty. Defendant again argued in his motion for a new trial that the facts supported only the original charge of possession of drug paraphernalia and that the State simply had not proven its charge of possession of cocaine. The trial judge denied the motion, stating:

And I think the issue is essentially whether residue amounts to possession of a controlled substance. There are really no cases in Missouri covering this issue.

Mr. Euler, you bring up some valid points that are contained in the statute which seem to make some designation, but we will leave it to the Appellate Court to make a review of this issue and determine whether or not residue does, in fact, amount to possession along with paraphernalia, which means basically that those two charges would overlap each other.

The trial judge sentenced Defendant to serve one year in the county jail. Mr. Baker appealed, and we are now asked to decide the legal issue raised below as to whether the presence of cocaine residue too small to measure, but able to be tested through use of laboratory analysis—here, through testing of a solvent wash—is sufficient to sustain a conviction for possession of a controlled substance. We find that, on these facts, it is not.

## II. THE EVIDENCE OF POSSESSION OF A CRACK PIPE CONTAINING SOLELY A RESIDUE OF COCAINE TOO SMALL TO MEASURE IS INSUFFICIENT TO SUSTAIN A CONVICTION FOR POSSESSION OF COCAINE

### A. Standard of Review.

Mr. Baker claims that the State's evidence was insufficient to convince a rea-

sonable trier of fact that Mr. Baker committed the offense of possession of a controlled substance. When reviewing a challenge to the sufficiency of the evidence to support a criminal conviction, appellate review is limited to a determination whether there is sufficient evidence from which a reasonable juror might have found the defendant guilty beyond a reasonable doubt. *State v. Grim,* 854 S.W.2d 403, 405 (Mo. banc), *cert. denied,* — U.S. ——, 114 S.Ct. 562, 126 L.Ed.2d 462 (1993). All evidence favorable to the State is accepted as true, including all favorable inferences drawn from the evidence. *Grim,* 854 S.W.2d at 411. All evidence and inferences to the contrary are disregarded unless the inferences are such a natural and logical extension of the evidence that a reasonable juror would be unable to disregard them. *Id.*

**B. *Evidence Failed to Show Knowing and Intentional Possession of a Controlled Substance.***

■ To sustain a conviction for possession of a controlled substance, the State must prove that the defendant knowingly and intentionally possessed the controlled substance and knew the nature of that particular substance. *State v. Smith,* 849 S.W.2d 677, 679 (Mo.App.1993); *State v. Spraggins,* 839 S.W.2d 599, 603 (Mo.App.1992).

■ It is conceded by the State that there was no visible or measurable unused or unburnt cocaine in or on the pipe, and that the conviction is solely based on the fact that a burnt residue of cocaine remained from past use of the pipe to burn cocaine. The State argues that this provides an adequate basis to show current knowing possession of cocaine. Defendant argues that, in these circumstances, and under *Smith* and *Polk, supra,* knowing and intentional possession of cocaine cannot be inferred merely from the fact that a minuscule, unweighable quantity of cocaine residue was found in the solvent used to wash out the pipe, and a submissible case was not made.

One of the first Missouri cases to address whether a conviction of possession of a controlled substance can be based on the alleged unknowing presence of a trace quantity of

the substance in the defendant's actual or constructive possession was *State v. Young,* 427 S.W.2d 510 (Mo.1968). The defendant in *Young* argued that he could not be convicted of possession of a controlled substance unless the State proved that he possessed enough of it to feel some effect from use of the drug. He argued that the three milligrams of heroin which were found in capsules in a bag allegedly owned by him were inadequate to give him a high and thus did not constitute possession of a controlled substance.

*Young* rejected this argument, noting that the statute made it illegal to possess even a modicum of a controlled substance, without regard to whether or not the quantity possessed "was sufficient to have an exciting effect on the central nervous system." *Id.* at 513. *Young,* however, noted that other courts had recognized that "so small a quantity of a narcotic might be present as to telltale or indicate only that there had been a prior possession of a narcotic but which could not be said reasonably to constitute the object of possession." *Id.* at 512. *Young* concluded, however, that the case before it did not involve possession of "such an infinitesimal quantity as to be unmeasurable." *Id.* at 513.

The Missouri Supreme Court had occasion to address a related issue concerning what constitutes possession two years later in *State v. Burns,* 457 S.W.2d 721 (Mo. banc 1970). The Court reaffirmed that "[p]ossession without knowledge of such possession is not possession in the legal sense of the word." *Id.* at 724. The Court further noted that "no case has been found in which the defendant's conviction of illegal possession of narcotics has been sustained where the prosecution has failed to prove, either directly or by inference, that the defendant had knowledge of the presence of the contraband substance." *Id.* at 725.

The principles set out in *Burns* and *Young* were applied to *State v. Polk,* 529 S.W.2d 490 (Mo.App.1975), a case similar in many ways to this one. The defendant there was alleged to be guilty of possession of heroin. In that case (unlike here) a controlled substance was not found in the defendant's actual posses-

sion. Rather, the State's evidence showed that police found several capsules in a "male jewelry box" in the apartment in which the defendant said he lived alone. Tests revealed traces of heroin in the capsules, but:

[t]here was so little heroin in the capsules that it could not be weighed and the tests consumed all of the heroin "traces" found, so there was none left, and the capsules containing these "traces" of heroin were not introduced into evidence at the trial by the State.

*Id.* at 492.

Relying on *Burns* and *Young, Polk* said:

It is not sufficient that [the State] prove only actual or constructive possession, but the test is whether the defendant was aware of the *presence and character* of the particular substance, *and was intentionally and consciously in possession of it.*

*Id.* (emphasis in original). *Polk* said that, to impose liability, it would have to find that the presence of the traces of heroin in the capsules constituted constructive possession of the heroin, and that the defendant had an awareness of the presence and character of the substance. The court found that the State had failed to so prove and, in so doing, noted:

We have read no case where a finding of "traces" of a narcotic alone has been held sufficient to support a finding that the defendant had possession of the narcotic "in the legal sense of the word." *In every case we have read there has been at least a measurable quantity of the narcotic found.*

*Id.* at 493 (emphasis added). In the case before it, *Polk* said, the only evidence "was that someone at some time possessed some heroin as was evidenced by the results of the color test and microcrystalline test conducted by an expert in the field. To find the defendant guilty under the facts of this case of a charge of knowledgeable possession would require the piling of one inference upon another and this is not permitted." *Id.*

*Polk* thus stated that an unweighable quantity of a drug did not constitute possession. Nonetheless, in *State v. Smith,* 808 S.W.2d 24 (Mo.App.1991), the Eastern District affirmed a conviction despite the fact

that insufficient drug was present to be weighed. In so doing, it distinguished *Polk* on the basis that, in *Smith,* the defendant admitted he had used the syringe a few hours earlier to obtain a hit of cocaine. He assumed he had used it all up, but in fact some white powder visibly remained in the syringe. Upon testing, the powder was shown to be cocaine. In that case, the defendant thus knew that he possessed the syringe with cocaine in it and that any white substance visible in it was the remainder of the cocaine he had just used. In such a case, the Eastern District held, the mere fact the defendant had not known that a little cocaine remained in the syringe did not preclude a finding of knowing possession.

Even assuming that we agreed with the Eastern District that the facts of *Smith* justified a limited exception from the requirement that the quantity of drug found be sufficient to be weighed, we could not agree to its expansion to include the importantly different facts in this case. This case does not involve the continued presence of a small quantity of visible cocaine, as was true in *Smith.* Here, it is conceded that there was no actual or visible cocaine left at all. *All* that was found was burnt residue left from past use of the pipe to smoke cocaine, and even that was not measurable.

While *Smith* indicates the amount of the drug need not be measurable or enough to give a "high" if it is visible and defendant is aware of what it is, here the amount of residue was so minuscule that to hold that Mr. Baker possessed cocaine would stretch the notion of "possession" beyond common sense, and beyond the meaning of possession as set out in *Polk* and *Young.* The minimal amount of burnt residue present on the pipe indicated only that it had been used to smoke cocaine in the past; it could not serve as a basis for finding Mr. Baker in current possession of the drug. Moreover, here, unlike in *Smith,* the defendant did not concede that he had previously used the paraphernalia in question.

In fact, even the amount of burnt residue on the pipe was so minuscule that the policemen themselves were not sure it could be tested for residue. The residue found to be

on it was so slight as to be undetectable other than by subjecting it to a solvent wash and then analyzing the results of the wash by means of gas chromatography and similar tests. No residue of cocaine could even be observed in the solvent wash.

As in *Polk*, in which similar tests were used, we find the evidence was simply insufficient to support a charge of possession. Rather, the evidence instead supports the conclusion that the mere presence of such a small amount of burnt residue of a drug on an item such as a pipe does not constitute possession of the drug itself although it may well support a conviction for possession of drug paraphernalia.

This conclusion is supported by the decision in *Spraggins*, 839 S.W.2d at 603–04. That case distinguished *Polk* on the basis that, in *Polk*, the drug had only been in defendant's constructive possession,[2] while, in *Spraggins*, the defendant had been found to be in actual possession of the bottom portion of an aluminum can which laboratory analysis indicated contained residue of cocaine and heroin as well as a spoon with a charred residue on it and a syringe. The State there charged defendant with possession of the cocaine and heroin found in the aluminum can and with possession of drug *paraphernalia* in the form of the spoon with the charred cocaine residue on it and the syringe.

Clearly, in *Spraggins*, possession of the paraphernalia, including the spoon with the charred residue on it, was relevant to show that the possession of the drug in the aluminum can was knowing and conscious. However, despite the fact that the spoon had a charred residue on it, its presence was simply used to provide a basis for convicting the defendant of possession of drug paraphernalia. The defendant was not charged with possession of cocaine itself due to his possession of the spoon with the charred residue.

This inherent distinction between a drug itself, such as cocaine, as compared to an unmeasurable amount of charred residue left after such a drug is burned, is reflected in section 195.010(18), which sets out factors to be considered in determining whether an object should be considered drug paraphernalia. Two separate factors are the proximity of the object to a controlled substance and, separately, the existence of any residue of a controlled substance on the object.

Were possession of all manner of residue, without regard to degree, considered to constitute possession of the controlled substance itself, then the presence of charred residue would *ipso facto* be proof of proximity of the object to the drug. By considering the effect of the presence of charred residue on an object, and by stating simply that it is an indicator that an object is drug paraphernalia, rather than stating that it constitutes possession of the drug itself, the legislature has indicated that, at least in cases involving negligible residue, it sees such residue as merely an indication of past drug use of the object, not as proof of present possession of the drug itself.

Applying the principles set out in *Burns*, *Polk*, and the other cases cited and with recognition of the distinction drawn by the legislature between presence of a drug and drug residue in section 195.010(18), we find the facts of this case present insufficient evidence to support the finding that Mr. Baker was knowingly, intentionally and consciously in possession of a controlled substance in violation of the statute. *Polk*, 529 S.W.2d at 494.

For the reasons stated above, we reverse the judgment of the trial court and order that the conviction is reversed and that defendant be discharged on the offense in question.

All concur.

---

**2.** Although this case also involves actual, rather than constructive, possession, we do not believe that that distinguishes it from *Polk*, because possession, whether actual or constructive, must be *knowing* and intentional.