**STATE of Missouri, Respondent,**

v.

**Albert MOORE, Appellant,**

**Albert MOORE, Appellant,**

v.

**STATE of Missouri, Respondent.**

Nos. 66324, 69598.

Missouri Court of Appeals,
Eastern District,
Division Five.

Sept. 17, 1996.

---

**26.** *State v. Mays*, 884 S.W.2d 405, 410 (Mo.App. 1994); *Harris,* 870 S.W.2d at 814; *State v. Young,* 844 S.W.2d 541, 548 (Mo.App.1992).

Ellen H. Flottman, Asst. Public Defender, Columbia, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., David R. Truman, Asst. Atty. Gen., Jefferson City, for respondent.

AHRENS, Judge.

Defendant, Albert Moore, appeals the judgment entered on his convictions of second degree felony murder and armed criminal action. § 565.021.1(2) *, § 571.015. Defendant also appeals the motion court's denial, without an evidentiary hearing, of his Rule 29.15 motion for post-conviction relief. Both appeals have been consolidated for review pursuant to Rule 29.15(e). We affirm.

Viewed in the light most favorable to the verdict, the evidence adduced at trial established the following facts. On May 1, 1993 the victim, Renalto Sherrad, phoned his cousins Drew and D'Mitric Nelson to inform them that he wanted to meet two men at their apartment. Sherrad arrived at the apartment sometime around 3:00 P.M., followed soon afterwards by defendant and Oscar McNeal.

McNeal and Sherrad went into a back room of the apartment while defendant waited in the living room. McNeal and Sherrad emerged from the back room a few minutes later and McNeal told defendant "it's time to go". After the two had left the apartment, Sherrad sat at the kitchen table and began to count large sums of cash.

Approximately five minutes after they left, defendant and McNeal returned to the Nelsons' apartment. McNeal told Drew Nelson that he had to talk with Sherrad and Drew let both defendant and McNeal in. McNeal sat at the table where Sherrad had been counting his money and defendant stood over McNeal's shoulder. McNeal threw down a paper bag filled with cocaine onto the table and told Sherrad "this ain't right". McNeal and Sherrad then began negotiating the terms of the transaction.

At some point during these negotiations, defendant wandered away from the kitchen table and into the living room. After about ten minutes of negotiating with Sherrad, McNeal got up from the table, talked with defendant and the two conferred with each other in the bathroom.

When defendant and McNeal returned from the bathroom, defendant pulled out a .357 magnum and pointed it at Sherrad. A struggle for the gun then ensued between defendant and Sherrad. During this struggle, the defendant inadvertently fired the gun, inflicting a mortal wound to Sherrad's face.

Defendant and McNeal picked up the cocaine and the money Sherrad had been counting on the table and left the apartment. The following day, defendant purchased a car from Joe Darby with the cash he and McNeal took from the Nelsons' apartment.

Defendant was charged with first degree murder, conventional second degree murder, second degree felony-murder (the underlying charge being possession of a controlled substance with intent to deliver), armed criminal action and unlawful use of a weapon. After a three day trial and two days of deliberations, the jury returned verdicts of not guilty on the first degree murder, conventional second degree murder and unlawful use of weapon charges. The jury, however, returned verdicts of guilty on the second degree felony-murder and armed criminal action charges. The trial court entered judgment against defendant upon the jury's verdicts.

The trial court sentenced defendant to life imprisonment on the felony-murder conviction and five years imprisonment on the armed criminal action conviction and ordered that the sentences run consecutively. The trial court imposed the sentences on defendant as a prior and persistent offender. §§ 558.016.2, 558.016.3.

* All statutory references are to RSMo 1994 unless otherwise indicated.

Defendant filed a pro se motion for post-conviction relief pursuant to Rule 29.15 in January, 1995. Appointed counsel subsequently filed an amended motion in May, 1995. The motion court denied defendant an evidentiary hearing on all but one of his allegations of ineffective counsel contained in his Rule 29.15 motion. After an evidentiary hearing on that sole allegation, the motion court denied defendant's Rule 29.15 motion in October, 1995.

■ Defendant, in his first point, contends the state failed to produce sufficient evidence to prove beyond a reasonable doubt that he possessed cocaine with intent to deliver. When reviewing an allegation that a jury's verdict is not supported by the evidence, we review the record in the light most favorable to the state and accept as true all evidence and inferences therefrom. *State v. Grim*, 854 S.W.2d 403, 405 (Mo. banc 1993) *cert denied*, 510 U.S. 997, 114 S.Ct. 562, 126 L.Ed.2d 462 (1993). We will affirm the verdict if there is sufficient evidence from which a reasonable juror might have found defendant guilty beyond a reasonable doubt. *Id.*

Defendant's conviction of felony-murder is based on the jury's finding that Sherrad died as a result of defendant's commission of the underlying felony, possession of a controlled substance with intent to deliver. Defendant argues his conviction of felony-murder is not supported by the evidence since the state failed to prove beyond a reasonable doubt that he possessed a controlled substance. We disagree.

■ Defendant first argues the state failed to prove beyond a reasonable doubt that anyone possessed cocaine in the Nelsons' apartment. To sustain a conviction for possession, the State must prove (1) conscious and intentional possession of the substance, either actual or constructive, and (2) awareness of the presence and nature of the substance. *State v. Purlee*, 839 S.W.2d 584, 587 (Mo. banc 1992).

■ In the instant case, the investigating officers found cocaine residue on the table during their search of the crime scene. Defendant relies on *State v. Baker* in asserting that the presence of mere drug residue can-

not support a conviction of possession. 912 S.W.2d 541 (Mo.App.1995). Defendant's reliance on *Baker* is misplaced.

In *Baker*, the Court held that the mere presence of burnt crack cocaine residue on a pipe found in the possession of defendant was not sufficient to prove defendant possessed the crack cocaine. *Id.* at 546. The Court reasoned that since someone besides defendant could have used the pipe to smoke crack cocaine in the past and because the crack cocaine on the pipe could not be seen by the naked eye, it could not be inferred that defendant knew the pipe contained crack cocaine. *Id.*

In the instant case, Drew Nelson testified that a significant amount of cocaine fell out of the bag that Oscar McNeal threw down and later retrieved from the table. This allegation is supported by the investigating officers' discovery of the cocaine residue on the table. Thus in the present case, unlike the factual situation present in *Baker*, the finding of cocaine residue on the table corroborates an eye witness's testimony that cocaine was present in the apartment. There was sufficient evidence to prove beyond a reasonable doubt that cocaine was present in the Nelsons' apartment.

■ Defendant next argues that even if cocaine was present, he did not personally possess it. The state concedes there is no evidence the defendant was in actual possession of the cocaine. However, it contends that defendant was in constructive possession of the cocaine. We agree.

The state introduced sufficient evidence to support a reasonable inference that defendant and McNeal were engaged in a joint undertaking with regard to the cocaine. The two entered the Nelsons' apartment together and left together. Defendant stood over McNeal's shoulder as he and Sherrad negotiated the terms of the transaction. Then McNeal got up from the table and conferred with defendant in private. After this conference, defendant threatened Sherrad with a gun. A reasonable jury could have inferred from this evidence that defendant was attempting to force Sherrad to capitulate to their terms of the transaction. After the

shooting the two left the apartment together and got in an automobile. Although defendant had only a small amount of cash on the morning of May 1, he paid Joe Darby $1,500.00 in cash for a car the morning of May 2. The jury could reasonably conclude that the defendant received a portion of the proceeds of the attempted sale. The evidence of his interest in the attempted sale is very strong.

We believe that the governing rule is well stated in *United States v. Stricklin,* 534 F.2d 1386, 1390 (10th Cir.1976) *cert denied* 429 U.S. 831, 97 S.Ct. 92, 50 L.Ed.2d 95 (1976) as follows:

> ... we can reach no conclusion other than the appellants were all engaged in some joint activity relative to the marijuana and thus each and all were in constructive possession of it.

The court in *United States v. Espinosa,* 771 F.2d 1382, 1397 (10th Cir.1985) *cert denied* 474 U.S. 1023, 106 S.Ct. 579, 88 L.Ed.2d 561 (1985) stated "those engaged in a joint undertaking relative to the marijuana may be found to be in constructive possession of the contraband".

Under this rule, defendant's participation in the venture shown in evidence is adequate to establish constructive possession, even though the defendant was not shown to have had the cocaine in hand. *See also United States v. Ortiz–Ortiz,* 57 F.3d 892, 895 (10th Cir.1995). No point is preserved as to jury instructions, and the evidence supports the verdict. Defendant's first point is denied.

Defendant asserts in his second point that the trial court erred in admitting Joe Darby's testimony, over defendant's objection, that defendant purchased a car from him in cash for $1,500 the day following Sherrad's death. Defendant asserts this testimony was not relevant to whether he possessed the cocaine and therefore should not have been admitted. We disagree.

■ The trial court has broad discretion in determining the relevancy of evidence. *State v. Parkhurst,* 845 S.W.2d 31, 36 (Mo. banc 1992). A trial court's ruling on the relevancy of a piece of evidence will not be disturbed absent a clear showing it abused its discretion. *Id.*

■ Evidence is relevant if it tends to prove or disprove a material fact in issue or to corroborate evidence which itself is relevant. *State v. Hill,* 817 S.W.2d 584, 587 (Mo.App.1991). However, relevant testimony will not be admitted into evidence if its tendency to create undue prejudice in the mind of the jury outweighs its probative value. *State v. Taylor,* 663 S.W.2d 235, 239 (Mo. banc 1984).

■ In the instant case, as stated above, the fact that defendant bought the car from Joe Darby for cash tends to prove that the attempted sale of the cocaine was a joint venture between defendant and McNeal. Thus, Joe Darby's testimony was certainly relevant. Also, defendant has failed to explain how the testimony was unduly prejudicial to him. The trial court did not abuse its discretion in admitting Joe Darby's testimony. Defendant's second point is denied.

■ Defendant's third point contends the motion court erred in denying an evidentiary hearing on his Rule 29.15 motion which alleged ineffective assistance of counsel at trial. Our review is limited to a determination of whether the motion court's findings and conclusion are clearly erroneous. Rule 29.15(k). Its findings and conclusions are clearly erroneous only if a full review of the record leaves us with the definite and firm impression that a mistake has been made. *State v. Harris,* 908 S.W.2d 912, 916 (Mo.App.1995).

■ To be entitled to an evidentiary hearing on his Rule 29.15 motion, defendant must allege facts which, if true, would warrant relief; the allegations of fact must not be refuted by the record; and, the matters complained of must have prejudiced defendant. *Id.* To obtain relief on a claim of ineffective assistance of counsel, defendant must show that trial counsel's performance was unreasonable under prevailing professional norms and that such unreasonable performance prejudiced defendant. *Id.* If the record conclusively shows that defendant will not be able to satisfy either of these requirements, defendant is not entitled to an eviden-

tiary hearing. *State v. Blankenship,* 830 S.W.2d 1, 16 (Mo. banc 1992); Rule 29.15(h).

We first address the issue of prejudicial effect. To show prejudice, defendant must show a reasonable probability that, but for counsel's alleged ineffective assistance, the results of the proceedings would have been different. *Harris,* 908 S.W.2d at 916. A reasonable probability is one sufficient to undermine confidence in the outcome. *Id.*

In his Rule 29.15 motion, defendant asserts that his trial counsel was ineffective by revealing to the venire panel the fact that defendant had two prior convictions for drug possession. Defendant asserts that this revelation compelled him to testify at trial. Defendant claims, without explanation, that but for this compulsion to testify, there was a reasonable probability that he would have been acquitted of all charges. The evidence in the record unequivocally refutes this allegation of prejudice.

As recited above, the state introduced strong evidence of defendant's guilt. The record, therefore, does not show a reasonable probability that, but for counsel's alleged ineffective assistance, the results of the proceedings would have been different. Thus, defendant was not prejudiced by his trial counsel's alleged ineffective assistance. *See State v. Williams,* 828 S.W.2d 894, 902 (Mo. App.1992). Defendant's third point is denied.

In his final point, defendant contends the trial court incorrectly sentenced him as a persistent offender which requires him to serve 80 percent of his sentences. As defendant concedes, this allegation of error was not preserved at trial; thus we will review for plain error only. *Harris,* 908 S.W.2d at 915. We will reverse for plain error only if we find the alleged error so substantially affects the rights of the accused that manifest injustice or a miscarriage of justice has occurred. *Id.;* Rule 29.12(b).

Defendant argues that pursuant to § 1.160 RSMo 1986, he should receive the benefit of an amendment to § 558.019 requiring the prosecution to show defendant has been remanded to the Missouri Department of Correction on two different occasions to prove he is a persistent offender. The amendment however, explicitly states that it applies only to offenses committed on or after August 28, 1994. As stated above, defendant committed the crimes in question on May 1, 1993.

This court has previously addressed this exact issue. In *State v. Harris,* this court held that the amendments to § 558.019 must be read literally and thus do not apply to offenses committed before August 28, 1994. 908 S.W.2d at 917. The trial court did not err, plain or otherwise, in sentencing defendant as a persistent offender. Defendant's final point is denied.

The judgments of both the trial court and motion court are affirmed.

CRANE, C.J., and CHARLES B. BLACKMAR, Senior Judge, concur.