107 F.3d 880
 97 CJ C.A.R. 404
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Kenneth Leon BURRELL, Petitioner-Appellant,
v.
Steve HARGETT, Respondent-Appellee.
 No. 96-6239.
 United States Court of Appeals, Tenth Circuit.
 March 14, 1997.
 
 ORDER AND JUDGMENT*
 Before BRORBY, EBEL, and HENRY, Circuit Judges.**
 
 
 1
 This matter is before us on Petitioner Kenneth Leon Burrell's appeal of the district court's denial of his 28 U.S.C. § 2254 petition for a writ of habeas corpus. In an order filed December 13, 1996, we granted Petitioner's application for a certificate of appealability on the issues of whether the State presented constitutionally sufficient evidence to convict Petitioner of knowingly possessing PCP and whether Petitioner's appellate counsel was ineffective with regard to raising the sufficiency claim. In addition, we requested the State to respond to Petitioner's arguments by filing a brief.
 
 
 2
 We now conclude that the State presented sufficient evidence of knowing possession of PCP to satisfy the constitutional requirements of Jackson v. Virginia, 443 U.S. 307, 319-19 (1979), and that Petitioner's counsel was not ineffective with regard to raising the sufficiency claim. Accordingly, we AFFIRM the district court's denial of Petitioner's 28 U.S.C. § 2254 petition for a writ of habeas corpus.
 
 DISCUSSION
 
 3
 Before discussing the merits of Petitioner's claims, we must first address the State's contention that Petitioner did not raise his sufficiency of the evidence claim in the state habeas proceedings. Specifically, the State argues that Petitioner only challenged the sufficiency of the evidence with regard to a conviction for possessing PCP with intent to distribute, and not with regard to his conviction for merely possessing PCP. We disagree.
 
 
 4
 Petitioner was never convicted for possessing PCP with intent to distribute; he was only convicted for possession. Thus, consistent with the Supreme Court's mandate that we construe pro se pleadings liberally, see Haines v. Kerner, 404 U.S. 519, 520-21 (1972), we read Petitioner's "sufficiency of the evidence" claim to pertain to that crime for which he was actually convicted. For unknown reasons, the Petitioner, the State, and the Oklahoma Court of Criminal Appeals all addressed Petitioner's various claims in state habeas proceedings as if they pertained to a conviction for possessing PCP with intent to distribute. The United States District Court for the Western District of Oklahoma noticed this mistake and corrected it below. Thus, we will address Petitioner's claims as they relate to his conviction for possessing PCP.
 
 
 5
 With regard to the merits of Petitioner's claim, we conclude that there was sufficient evidence constitutionally to support Petitioner's conviction for possessing PCP. When a federal habeas petition challenges the sufficiency of the evidence to support a state conviction, the Supreme Court has indicated that a jury's verdict of guilty must be sustained unless no rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 319 (1979); Romero v. Tansy, 46 F.2d 1024, 1032 (10th Cir.) cert. denied, 115 S.Ct. 2591 (1995). Petitioner argues that because he was convicted of possessing only a trace amount of PCP, there was insufficient evidence as a matter of law to convict him of knowingly possessing PCP.
 
 
 6
 This appeal does not concern whether possession of a trace amount can violate Oklahoma's drug laws. Oklahoma law provides that "any quantity" of PCP is sufficient to support a conviction under the Uniform Dangerous Substances Act, Okla. Stat. Ann. tit. 63, § 2-204(c)(22) (West 1997), and this statute has been construed by the Oklahoma Court of Criminal Appeals to forbid the possession of even trace amounts. Burrell v. State, No. PC 95-519 (Okla Crim.App. July 14, 1995) (not for publication).
 
 
 7
 Rather, the question here is whether there was sufficient evidence that Petitioner "knowingly" possessed the trace amounts of PCP found in his bedroom. Petitioner argues that the trace amounts of PCP found in his possession were so minute that no rational trier of fact could infer that he "knowingly" possessed them. In fact, there is some support in other jurisdictions for the argument that the discovery of a trace amount of a controlled substance within the dominion and control of a person is not, alone, sufficient to support a conviction of knowing possession, see State v. Baker, 912 S.W.2d 541 (Mo.Ct.App.1995); People v. Theel, 505 P.2d 964 (Colo.1973); People v. Aguilar, 35 Cal.Rptr. 516 (Cal.Ct.App.1964). However, in this case there were additional pieces of evidence from which a reasonable jury could infer that Petitioner knowingly possessed PCP. Specifically, testimony was presented indicating that the bottles found in Petitioner's home containing the trace amounts of PCP had an odor associated with PCP, and, in addition, Petitioner admitted in a post-arrest interview that he had been dealing in PCP for approximately two to three months. These pieces of evidence would allow a rational jury to conclude that Petitioner knew that the bottles he possessed contained trace amounts of PCP.
 
 
 8
 Although sufficiency of the evidence would be reviewed in a more comprehensive way had Petitioner's counsel addressed the issue in the direct criminal appeal, the evidence recited above is sufficient to have supported the jury verdict of guilty. Thus, any error Petitioner's appellate counsel made in not raising the sufficiency claim did not prejudice the Petitioner. See Strickland v. Washington, 466 U.S. 668, 687 (1984).
 
 
 9
 Therefore, we AFFIRM the District Court's denial of Petitioner's 28 U.S.C. § 2254 petition for a writ of habeas corpus.
 
 
 
 *
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. This court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3
 
 
 **
 After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument