Daniel Glenn JOHNSON,
Movant–Appellant,

v.

STATE of Missouri, Respondent–
Respondent.

No. 25328.

Missouri Court of Appeals,
Southern District,
Division Two.

May 26, 2004.

Motion for Rehearing and Transfer Denied
June 17, 2004.

Application for Transfer Denied
Aug. 24, 2004.

Frederick W. Martin III, West Plains, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Dora A. Fichter, Jefferson City, for respondent.

KENNETH W. SHRUM, Judge.

In this post-conviction case, Daniel Glenn Johnson ("Movant") filed his *pro se* Rule 24.035 motion after pleading guilty to felony possession of methamphetamine (§ 195.202) and being incarcerated in Missouri's Department of Corrections.[1] Movant alleged, *inter alia,* that his "guilty plea was made involuntarily, unknowing, and unintelligent based on Plea Counsel's erroneous misleading advise [sic], and assistance of counsel."

Although Movant's appointed counsel never amended the *pro se* motion, he had the motion court take judicial notice of the criminal file in the underlying case, including the guilty plea transcript. With the record thus created, the court made findings of fact and conclusions of law on each issue raised by the motion. Based on its findings, the court concluded Movant was not entitled to relief and dismissed his motion. This appeal followed. We affirm.

This court's review of a decision in a Rule 24.035 case is limited to deciding if the findings and conclusions of the motion court are clearly erroneous. Rule 24.035(k); *Holloway v. State,* 989 S.W.2d 216, 219[1] (Mo.App.1999). Such findings and conclusions are clearly erroneous if, after review of the entire record, we are

left with the definite and firm impression that a mistake has been made. *Wilson v. State,* 813 S.W.2d 833, 835 (Mo.banc 1991). Because Movant's conviction came via a guilty plea, his claim of ineffective assistance of counsel was immaterial except to the extent that it infringed upon the voluntariness and knowledge with which the guilty plea was made. *State v. Roll,* 942 S.W.2d 370, 375[9] (Mo.banc 1997); *Cole v. State,* 2 S.W.3d 833, 835[4] (Mo.App.1999).

The transcript of Movant's guilty plea hearing contained an open court recital by the prosecutor (made in Movant's presence) that if Movant's case went to trial, the State would prove the following: (1) two police officers stopped a car in which Movant was riding as a passenger; (2) Movant was placed in custody pursuant to an outstanding arrest warrant; (3) after arresting Movant, the officers found on Movant's person a tube containing "some crystal ... objects" believed by the officers to be methamphetamine; and (4) the tube contained methamphetamine when it was analyzed as the officers suspected. The transcript also contained this discourse:

"[THE COURT]: All right. And just to be clear about this, Mr. Johnson [Movant], you have heard the statement that the State has made about the facts. Is that correct?

"[MOVANT]: Yes.

"[THE COURT]: And do you expect that this is substantially what the State would prove in a case against you today?

"ATTORNEY JONES [defense counsel]: Your Honor, it's my client's opinion that if this case went to trial today there would be evidence that he had in his possession a tube that had *residue of*

---

**1.** All rule references are to Supreme Court Rules (2002), unless otherwise indicated. All statutory references are to RSMo (2000), unless stated differently.

*methamphetamine* in it, and that he *was aware* that *the tube had residue* in it.

"THE COURT: Thank you.

"THE COURT: *Is that a correct statement,* Mr. Johnson [Movant]?

"[MOVANT]: *Yes.*" (Emphasis supplied.)

Additionally, Movant assured the judge that he told his lawyer "everything [he] wanted him [defenses counsel] to know about [his] case." In a similar vein, Movant answered affirmatively when asked: "Are you satisfied that you are fully prepared to give him [defense counsel] the opportunity to fully advise you by understanding all of the parts in your case?"

In urging reversal and remand of his case to the motion court, Movant focuses exclusively on the guilty plea recital that he possessed "a *residue of methamphetamine.*" Specifically, Movant claims that evidence showing he knowingly, intentionally, and consciously possessed a tube containing methamphetamine *residue* was not sufficient, as a matter of law, to prove he violated section 195.202. For that proposition, he relies on *State v. Baker,* 912 S.W.2d 541 (Mo.App.1995). Via obiter dicta, this case suggests the possibility that a section 195.202 conviction for possession of a controlled substance can only stand when it is shown that the defendant possessed a visible or weighable quantity of the controlled substance.

Continuing, Movant alleges his plea counsel failed to accurately advise him of the import of the *Baker* case, i.e., counsel never told him that *Baker* meant he could not be convicted for the crime charged because the State's evidence was that he possessed *only* methamphetamine *residue.* With this as his premise, Movant contends he would not have pled guilty to the crime charged had the law been correctly explained to him, and this bad advice regarding drug quantity led him to plead guilty involuntarily and unintelligently.

The foregoing argument was also made to the motion court. In denying this part of Movant's claim, the motion court noted that Movant's argument (as lifted from *Baker*) did "not accord with most caselaw about the piece of potential evidence (drug residue found on a defendant's person) that Movant discusses." This court agrees. The findings and conclusions of the motion court on this issue are not clearly erroneous.

Recently, in *State v. McKelvey,* 129 S.W.3d 456 (Mo.App.2004), this court addressed and rejected an identical argument. There, we held as follows:

"[A]nother line of cases [other than *Baker*] governs, namely those which hold that (1) a quantitative analysis is not a prerequisite to proving possession of a controlled substance and (2) the State can prove possession by showing the substance was *identifiable,* by chemical analysis, as a controlled substance. *See State v. Mayabb* 43 S.W.3d 429, 432–33 (Mo.App.2001); *State v. Smith,* 808 S.W.2d 24, 25–26 (Mo.App.1991); *State v. Willers,* 794 S.W.2d 315, 319–20 (Mo. App.1990); and *State v. Kuhrts,* 571 S.W.2d 709, 714–15 (Mo.App.1978). This is confirmed by the statutory definition of a Schedule II controlled substance, i.e., '[a ]ny material, compound, mixture, or preparation which contains *any quantity*' of methamphetamine. § 195.017.4(3) (emphasis supplied).

"Based on the authorities last cited, we are persuaded there is no 'threshold' amount that must be proven in order to convict a person for possession of a controlled substance. The test is not whether the drug is visible or measurable, although these facts can be used to show a defendant did not intentionally, knowingly, and consciously possess the substance. The test is whether the substance can be identified by chemical

analysis as a controlled substance *regardless* of quantity. If the state can demonstrate that a substance is in fact a controlled substance, then it must also show that a defendant intentionally, knowingly, and consciously possessed it."

*Id.* at 460–461[4–6].

 The import of *McKelvey* is simple. Evidence showing possession of an immeasurable and invisible quantity of drug residue is not insufficient as a matter of law in a case of possession of a controlled substance, provided the state shows the requisite mental state. *McKelvey,* 129 S.W.3d at 459–461. Contrary to Movant's assertions, his plea counsel did not render ineffective assistance of counsel by failing to advise Movant that possession of a drug residue is insufficient as a matter of law to constitute possession of a controlled substance. As stated in *McKelvey,* "that is simply not the law in Missouri." *Id.* at 460.

It is axiomatic that a guilty-plea counsel cannot be considered ineffective when he or she gives correct advice to an accused. If Movant's guilty-plea attorney advised him that possession of methamphetamine residue was insufficient to support a conviction for possession of that drug, then the lawyer's performance would have been deficient. That is not what happened here, however. The motion court's implicit finding, that Movant's plea counsel exercised the customary skill and diligence of a reasonably competent attorney under similar circumstances, is not clearly erroneous. *See Hill v. Lockhart,* 474 U.S. 52, 106 S.Ct.

366, 88 L.Ed.2d 203 (1985); *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Moreover, because Movant cannot show any errors by plea counsel, it is foreordained that he cannot demonstrate prejudice. *Id.* at 694, 104 S.Ct. at 2068; *Trehan v. State,* 872 S.W.2d 156, 158 (Mo.App.1994). Point denied.[2]

This court is not left with a definite and firm impression that a mistake has been made. The findings and conclusions of the motion court are not clearly erroneous. The judgment of the motion court is affirmed.

PARRISH, J. and RAHMEYER, C.J.–P.J., concur.

---

2. We also reject Movant's argument (first made on appeal and then only in the argument section beneath his point relied on) that no factual basis was presented during the plea hearing, as required by Rule 24.02(e). Among other things, the prosecutor recited all the facts showing Movant actually possessed a tube containing methamphetamine residue. After that recitation, Movant admitted "that he was *aware* that the tube had residue in it." (Emphasis supplied.) There was an obvious factual basis adduced per Rule 24.02(e). At oral argument, Movant's post-conviction lawyer conceded a loss if Movant admitted knowingly possessing methamphetamine residue (which he did admit) and his reliance on *Baker,* 912 S.W.2d 541, was misplaced (as it was).