

# Missouri Court of Appeals

## Southern District

### Division One

STATE OF MISSOURI, )
                                  )
     Plaintiff-Respondent, )
                                  )
v. )      No. SD35327
                                  )
JERRY RAY GILLUM, )      **Filed:  April 30, 2019**
                                  )
     Defendant-Appellant. )

APPEAL FROM THE CIRCUIT COURT OF BUTLER COUNTY

Honorable Michael M. Pritchett

**<u>AFFIRMED</u>**

Jerry Ray Gillum ("Defendant") was convicted after a jury trial of the class D

felony of resisting arrest[1] and the class C felony of possession of a controlled substance.

*See* sections 575.150, RSMo 2016, and 195.202.[2]  In a single point on appeal, Defendant

claims the trial court erred in denying his motion for judgment of acquittal because the

evidence adduced at trial was insufficient to prove beyond a reasonable doubt that

---

[1] Defendant does not appeal his conviction for resisting arrest.  The trial court sentenced Defendant as a persistent offender to serve a total of twelve years in prison.
[2] Unless otherwise indicated, all statutory citations are to RSMo. Cum. Supp. 2011.  Section 195.202 was transferred to section 579.015, effective January 1, 2017.

1

Defendant knowingly and consciously possessed methamphetamine. Finding no merit in that claim, we affirm.

## Standard of Review

> "When considering the sufficiency of the evidence on appeal, this Court must determine whether sufficient evidence permits a reasonable juror to find guilt beyond a reasonable doubt." *State v. Wright*, 382 S.W.3d 902, 903 (Mo. banc 2012) (internal quotation omitted). "The evidence and all reasonable inferences therefrom are viewed in the light most favorable to the verdict, disregarding any evidence and inferences contrary to the verdict." *Id.* "This is not an assessment of whether the Court believes that the evidence at trial established guilt beyond a reasonable doubt but rather a question of whether, in light of the evidence most favorable to the State, any rational fact-finder could have found the essential elements of the crime beyond a reasonable doubt." *Id.*

*State v. Stewart*, 560 S.W.3d 531, 533 (Mo. banc 2018).

## Facts

Viewed in the light most favorable to the judgment, *id.*, the evidence presented at trial was as follows. At approximately 10:00 a.m. on August 23, 2016, Deputy Benjamin Chamblin with the Butler County Sheriff's Office ("Deputy Chamblin") observed an older model Chevy truck with expired tags. Deputy Chamblin activated his emergency lights to conduct a traffic stop, but the truck did not pull over. Deputy Chamblin then activated his siren, but the truck continued on, running both a red light and a stop sign before hitting a guard rail and sliding down a hill. When the truck came to a stop, the driver and passenger exited and began running in different directions. Deputy Chamblin pursued the driver. After a hundred-yard chase, Deputy Chamblin caught up to the driver, Defendant, and took him into custody.

At the request of Deputy Chamblin, another deputy, Aaron Pratt ("Deputy Pratt"), transported Defendant to the sheriff's office for booking into the jail. When Deputy Pratt searched Defendant during the booking process, he found a syringe in Defendant's right

2

front pocket. Deputy Pratt described the syringe as clear, very small in diameter, with an orange cap. The syringe contained a small amount of liquid. Deputy Pratt seized the syringe and placed it into evidence. The syringe was later submitted to the Missouri State Highway Patrol Crime Laboratory, where it tested positive for methamphetamine.

## Analysis

Defendant's point claims:

> The trial court erred in overruling [Defendant]'s motions for judgment of acquittal and in imposing sentence and judgment upon him . . . in that sufficient evidence was not presented from which a reasonable juror could have found beyond a reasonable doubt that he knowingly and consciously was in possession of methamphetamine based on the used syringe with residue found in his pocket when he was arrested.

We disagree.

Section 195.202 makes it "unlawful for any person to possess or have under his control a controlled substance." A person "possess[es] a controlled substance" when, "with the knowledge of the presence and nature of a substance, [he] has actual or constructive possession of the substance. A person has actual possession if he has the substance on his person or within easy reach and convenient control." Section 195.010(34). "In order to sustain a conviction for possession of a controlled substance, the State must show (1) that the defendant consciously and intentionally possessed the substance; and (2) the defendant was aware of the presence and nature of the substance." *State v. Kopp*, 325 S.W.3d 466, 468 (Mo. App. S.D. 2010) (quoting *State v. Breese,* 250 S.W.3d 413, 420 (Mo. App. S.D. 2008)).

Defendant argues that because the liquid in the syringe was not measurable, it might support a knowing possession of paraphernalia used to inject drugs in the past, but

3

an inference that Defendant was knowingly in possession of methamphetamine at the time of his arrest would be unreasonable.

"Missouri's drug statutes do not establish a minimum amount necessary to sustain a conviction for illegal possession." **State v. Moore**, 352 S.W.3d 392, 400 (Mo. App. E.D. 2011). *See also* section 195.017.4(3)(c) (defining a Schedule II controlled substance to include "[a]ny material, compound, mixture, or preparation which contains any quantity of the following substances. . . : [m]ethamphetamine"). "Rather, the defendant's guilt depends on his acts and knowledge–whether his knowing possession may be fairly inferred given the *de minimus* amount combined with all the surrounding circumstances." **Moore**, 352 S.W.3d at 400. Even though the drug is unweighable, "1) the drug must be present, 2) the defendant must know of its presence and nature, and 3) the defendant must possess it[.]" **Id.**

Here, the drug was present. Both Deputy Pratt and Sarah Brown, a criminalist with the Drug Chemistry Section of the Missouri State Highway Patrol Crime Lab ("criminalist Brown"), testified that a small amount of liquid substance or residue was visible in the syringe. When criminalist Brown tested the rinse[3] from the syringe, it contained methamphetamine.

The drug was found on Defendant's person, a fact that establishes actual possession under section 195.010(34). Regarding Defendant's knowledge of its presence and nature, "[a] defendant's knowledge of a controlled substance may be reasonably inferred from the defendant's actual possession of that substance." **State v. Anderson**, 386 S.W.3d 186, 190 (Mo. App. E.D. 2012). The fact that Defendant fled from

---

[3] Criminalist Brown testified that, in order to test residue from a syringe, the plunger is removed from the syringe, a pipette is used to inject water into the syringe in order to rinse it, and the resulting rinse is then put into an instrument that separates out and identifies any compounds found within the rinse.

authorities constitutes an "[a]dditional incriminating circumstance[] that will support an inference of knowledge and control[.]"[4] *Id.* at 191; *see also State v. McKelvey*, 129 S.W.3d 456, 459 (Mo. App. S.D. 2004). Further, the fact that the drug was visible inside the syringe to criminalist Brown and Deputy Pratt supports a reasonable inference that Defendant knew of its presence and nature; if it was visible to them, "it would also have been visible to [D]efendant." *Kopp*, 325 S.W.3d at 469 (quoting *State v. Breese*, 250 S.W.3d 413, 422 (Mo. App. S.D. 2008)).

Defendant unpersuasively claims that his case is more like *State v. Polk*, 529 S.W.2d 490 (Mo. App. St.L.D. 1975), and *State v. Baker*, 912 S.W.2d 541 (Mo. App. W.D. 1995), cases in which the court found insufficient evidence that the defendants knowingly and consciously possessed the controlled substances at issue. Unlike the instant case, there was no evidence in *Polk* that the defendant had actual possession of the drugs. 529 S.W.2d at 492-93. In *Baker*, unlike here, the State conceded that "there was no *visible* or measurable unused or unburnt cocaine in . . . the pipe" -- only "burnt residue left from past use of the pipe to smoke cocaine[.]" 912 S.W.2d at 544-45 (emphasis added). While *Baker* "also included language that appeared to indicate that, in certain situations, if only a miniscule amount of the controlled substance is present, a finding of possession is precluded[,] [as Defendant acknowledges,] other courts, including this one, have held that a defendant can knowingly possess trace amounts of a controlled substance that could be classified as mere residue." *Breese*, 250 S.W.3d at 421 (citing *McKelvey*,

---

[4] We are unpersuaded by Defendant's argument that his flight from law enforcement evidences only his consciousness of guilt for possession of drug paraphernalia and driving with an expired registration. "[O]ne may flee to avoid arrest for more than one offense[,]" *State v. Scott*, 687 S.W.2d 592, 593 (Mo. App. E.D. 1985) (quoting *State v. Nienaber*, 148 S.W.2d 1024, 1027 (Mo. 1941)), and the inference most favorable to the verdict is that Defendant was fleeing because he knew he was in possession of methamphetamine.

129 S.W.3d at 459; *State v. Mayabb*, 43 S.W.3d 429, 433 (Mo. App. S.D. 2001); and *State v. Smith*, 808 S.W.2d 24, 26 (Mo. App. E.D. 1991)).

Here, the syringe was in Defendant's actual possession, and it contained visible liquid or residue that tested positive for methamphetamine. Defendant's flight from Deputy Chamblin was further evidence of Defendant's knowing possession of the methamphetamine. The evidence was sufficient to allow a reasonable juror to find Defendant guilty beyond a reasonable doubt. Defendant's point is denied, and his convictions are affirmed.

DON E. BURRELL, P.J. – OPINION AUTHOR

NANCY STEFFEN RAHMEYER, J. – CONCURS

GARY W. LYNCH, J. – CONCURS